Hatch *vs.* Cook, adm'r.

HATCH *vs.* COOK, adm'r.

1. The death of a plaintiff may be suggested, and his administrator made a party to the suit, whilst the trial is progressing.

2. Where a defendant is advised of the death of plaintiff, and those prosecuting the case will not admit the death—the suit may be arrested by interposing a plea *puis darrien continuance.*

3. But when the death of either of the suitors is suggested by those who have represented him in the cause, the court must ascertain the fact in some other manner than by plea.

4. Proceeding to judgment when either party is dead, more especially when defendant is so, is an irregularity for which judgment may be avoided.

5. The usual practice is, that when the representative of a deceased plaintiff produces his letters testamentary or of administration, the case proceeds: or if defendant dies, his representative is made a party by suggestion; or plaintiff brings him into court by *scire facias.*

6. Where the death is denied, it is proper that the fact should be shewn by affidavits.

Error to Wilcox County court.

Assumpsit on a promissory note. This was an action by one Norwood, on a note made by plaintiff in error.

On the trial below, after the evidence, argument and charge of the court—the plaintiff's attorney suggested that plaintiff had died before issue joined, and moved to make Cook, the defendant in error, party plaintiff, as administrator; which the court allowed, and defendant excepted.

Permitting Cook to be made a party, after the trial had progressed as above stated, was assigned as error.

*Stewart*, for plaintiff in error.
*Clarke*, contra.

GOLDTHWAITE, J.—The sole question presented by this record, is, whether the death of the plaintiff can properly be suggested, and his administrator made a party to the suit, whilst its trial is progressing.

The plaintiff in error contends, that the death ought to have been regularly pleaded, as the suggestion was denied, but the law has provided no such mode of ascertaining the fact. We are not aware that any one, on behalf the plaintiff, can intervene, and plead this matter. If the defendant was advised of the death of the party, and those prosecuting the cause, would not admit his death, the suit might be arrested by his interposing a *plea puis darrien* continuance, but when the death of either one of the suitors is suggested by those, who before had represented him in the cause, the court must of necessity ascertain the fact in some other manner than by plea. In most instances, the proceeding to judgment, when either party is dead, but more especially when the defendant is so, is an irregularity, for which the judgment may be avoided.

The act to prevent suits from abating, on the death of either party, (Aik. Dig. 259,) provides, that when any cause shall be depending in any court, and either of the parties shall die before *final judgment*, the executor or administrator of such deceased, who was plaintiff, peti-

Hatch *vs.* Cook, adm'r.

tioner or defendant, shall have full power, (in case the action by law survive,) to prosecute and defend such action, until final judgment : no mode is pointed out, by which the death shall be brought to the knowledge of the court ; it therefore becomes necessary to adopt some reasonable means for ascertaining the fact. The usual practice which prevails, is to suggest the death, which, if not denied, is entered on the record, and the cause proceeds, when the representative of plaintiff produces his letters testamentary or of administration : if the defendant is the party dead, his representatives either make themselves parties in a similar manner, or the plaintiff proceeds to bring them into court by *scire facias.* It is not known what practice has obtained on the circuits, when the suggestion of the death is denied, but in such a case, it is proper that the facts should be shown by affidavits. In the present case, the fact of the death was not denied, but the objection seems to have been as *to the time,* when the representative of the plaintiff made himself a party.

In this respect, we think there is no error in the action of the County court, and its judgment is affirmed.