## Norman v. Norman.

1. The functions of an executor do not necessarily cease with the final settlement of the estate, either with the Orphans' Court, or with the devisees or distributees.

Writ of error to the County Court of Dallas county.

ASSUMPSIT on a promissory note. The plaintiff describes himself in his declaration, as the executor of the last will and testament of Jesse Norman, deceased, and the note is described as payable to him, with the description of executor of the estate of Jesse Norman. The defendant pleaded *non assumpsit,* accord and satisfaction, payment and set-off. Verdict and judment thereon, for the plaintiff.

A bill of exceptions was sealed at the trial, which states, "it being in evidence by parol proof, that the estate of the testator had been settled before the commencement of this suit; the Court charged the jury, that proof of settlement could only be shewn by written evidence from the Court, in which the plaintiff qualified as executor. This charge is now assigned as error.

Geo. W. Gayle, for the plaintiff in error.
Edwards, contra.

GOLDTHWAITE, J.—We do not perceive how the charge given is involved in this case, and for any thing which is disclosed by the record, it appears to be entirely abstract.

But independent of this, we consider the Court might have gone much farther, and have instructed the jury, in a case where such an inquiry was important, that the functions of an executor do not necessarily cease upon his final settlement, either with the Orphans' Court, or with the devisees or distributees of the estate. It may be, and frequently is, important, that the functions of the executor should remain, although a settlement of the estate is made with those entitled to distribution.—The instances of suits in the name of the executor, for the benefit of other persons, to whom choses in action may have been delivered, without any assignment enabling the holders to sue in their own names, are sufficient to show that it is oftentimes necessary to use the name of the executor, although the estate is settled.

Let the judgment be affirmed.