# Ditmar's Administrator v. Bogle's Distributees.

53  169
118  377

### Final Settlement of Decedent's Estate.

1. *Final settlement; what not ground for deferring.*—After the lapse of seven years from the grant of administration, a final settlement should not be deferred at the instance of the administrator, because of outstanding debts or unsettled accounts.

2. *Allowance on partial settlement; effect of.*—An item allowed in a former or partial settlement is presumed to be correct on the administrator's final settlement, unless the party impeaching the correctness of the item overturn the presumption by proof.

3. *Administrator; when liable for interest.*—An administrator who intermingles with, and treats as his own funds, moneys of the trust estate, thereby becomes its debtor and liable for interest.

4. *Same; when not entitled to credit for deposit.*—An administrator is not entitled to a credit for the amount of a deposit, in his own name, lost by the failure of the bank in which he had placed it, although the deposit was made with the intention, known only to himself, that it should be kept there to replace or repay the amount of trust funds used by him.

5. *Same.*—If the administrator, after the breach of trust in mingling and using trust funds as his own, could be entitled to any credit for a deposit made to repay or replace the funds thus used, it could only be by a deposit in his representative capacity—a deposit with such ear marks that all could distinguish it as a trust fund.

6. *Same; when not entitled to allowance for counsel fees.*—It is not error to refuse an administrator credit for counsel fees, when it does not appear that he has paid any.

APPEAL from Probate Court of Dallas.

The points decided appear sufficiently from the opinion.

MORGAN, LAPSELY & NELSON, for appellant.

P. G. WOOD, contra.

BRICKELL, C. J.—1. This administration was com-

[Ditmar *v*. Bogle.]

menced in 1866, and in 1873, seven years afterwards, the administrator at the instance of a distributee, is cited to a final settlement. He stands in contempt of the citation, until the court states an account against him, and is about proceeding to final decree thereon. Then he appears and asks to be permitted to make an annual or partial settlement only, because there are debts due the intestate uncollected, and because the accounts of a partnership existing between him and the intestate are not settled. The court of probate correctly compelled him to a final settlement. It would be almost a denial of justice to heirs and distributees, if they could be delayed under such circumstances, in obtaining their interests. The admistrator may not be chargeable, and was not charged with negligence in failing to collect the outstanding debts, or in not settling the partnership accounts; but after seven years have elapsed from the grant of administration, a final settlement should not be deferred because of outstanding debts or unsettled accounts, the amount of which is not shown, and for the collection and settlement of which such ample time has been afforded. Besides, the authority of an administrator does not necessarily terminate with a final settlement. *Norman* v. *Norman*, 3 Ala. 389. He may, if necessary, after such settlement proceed with the collection of outstanding debts; or, if he is discharged, or resigns, a successor may be appointed, and charged with the duty of collecting them.

2. By the express words of the statute, on the final settlement of an administration, any item of account included in any previous settlement may be re-examined; and its former allowance is only presumptive evidence of its correctness. R. C. § 2159 ; 1 Brick. Dig. 971, § 809. The effect of the statute is to cast on those impeaching any item embraced in a former settlement, the duty of introducing evidence of its incorrectness. Until such evidence is given, the presumption of correctness attached by law, to its former allowance, must prevail. It is like all other disputable presumptions, which the law indulges, capable of being overcome by evidence, and may be removed by evidence of the same character as that which will remove any other presumption in a civil proceeding.

3. The disputed item in this cause was a credit allowed the administrator on a former settlement for moneys deposited in bank. The incorrectness of such an allowance, under the facts stated by the administrator in his own evidence, is most manifest. According to this evidence, he had received moneys of his intestate to a large amount, which he mingled

[Ditmar *v.* Bogle.]

with and used as his own. The very fact of such mingling and use made him liable therefor. He was in effect a debtor of the estate for such moneys, and by force of the statute his debt was bearing interest. R. C. § 2148. Having enjoyed the use of these funds so long as he wished, he proposes to himself, to pay himself this debt, and to make the payment, he withdraws from a bank, (which fails in about a month afterwards), all moneys he has on deposit, except a sum exceeding about one hundred dollars, the amount of his debt. This sum in his own mind he resolves to leave on deposit in the bank, to his own credit, in payment of his debt. The resolution is uncommunicated to the bank, and is unknown to any one but himself. It is never expressed until the bank fails, and a loss of the deposit partially or wholly must be borne. The rights of *cestui que trust* would be of little value if they could be made to bear such a loss. The money deposited in the bank was never the money of the estate. For it, the bank was the debtor of the appellant only as an individual. If he had become indebted to the bank, it would have been impossible to have denied it the right to set-off such indebtedness against its liability for the deposit. If he had died, his administrator would have been entitled to recover the deposit of the bank—it would not have passed to a succeeding administrator *de bonis non*. Though the appellant may have been honest and just in his purposes—and may have intended to set apart this deposit as the assets of his intestate; yet, to sustain this credit, would open a door for a dishonest trustee to perpetrate the grossest frauds—not separating trust funds from his own, except in his own mind —not rendering them distinguishable so that all who touch them will be charged with notice of the trust, and the *cestui que trust* can trace them, and assert his rights to them; he may whenever a loss is to be borne declare the funds lost were trust funds, while the funds remaining were his own property. If it was possible for the appellant to have relieved himself from the liability the law imposed when he first mingled with, or used as his own the trust funds, it could have been done only by a deposit of the amount of such liability in his representative capacity. A deposit to his individual credit could not work any change in the ownership of the funds, nor relieve him from the liability resting on him.

4. The court correctly refused to allow the appellant a credit for counsel fees, it not appearing that he had paid any. *Bates* v. *Vary*, 40 Ala. 421.

The decree of the court of probate is affirmed.