# Ex parte Jones.

## Application for Mandamus.

1. *Judgment; when not void.*—Where an administrator is removed pending suit, his removal must be brought to the knowledge of the court by plea in abatement. When this is not done, a judgment in his favor, although rendered after his removal, is not void.

2. *Motion for revivor; when in time.*—A motion for *revivor* in the name of the succeeding administrator, although made more than eighteen months after the removal of his predecessor, comes in time, if made at the same term at which the plea in abatement is filed.

MOTION for *mandamus* to compel *revivor* of suit under circumstances which are fully set out in the opinion.

WATTS & GAMBLE, for the motion.

HERBERT & BUELL, *contra.*

MANNING, J.—Robert R. Wright, as administrator of John E. Jones, deceased, having obtained judgment in the circuit court of Butler county against W. V. Evans and Uriah Evans, the latter removed the cause into this court by appeal, where it was submitted for the judgment of this court in it, on the 12th day of February, 1873. Being held under advisement, the judgment of this court, reversing that of the court below, was not rendered in fact until June term, 1875, when the cause was remanded to said circuit court, for further proceedings therein.

At the next term of the circuit court, the defendant Evans pleaded the fact that more than eighteen months

before, to-wit, in April, 1874, the plaintiff Wright had been removed from the administration of the estate of Jones, by the probate court, and that in his stead, petitioner, Jonas E. Jones, had been appointed administrator *de bonis non, &c.*, and still was such. And motion was made, *contra*, that the suit be revived in the name of the administrator *de bonis non*. The court overruled this motion, ordered that the suit abate, and that the officers of the·court recover their costs of petitioner, Jonas E. Jones, as administrator, &c., after having overruled the motion that he be made a party to the cause.

The order that the suit abate was supposed to be required, by section 3542 of the Revised Code, which is as follows: "No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within eighteen months thereafter, be revived in the name of or against the legal representative of the deceased, his successor or party in interest."

By the death of the plaintiff, the suit by common law, would *ipso facto* abate for want of a living party to maintain it; and any judgment therein while the cause was in that condition, would then and still be wholly *void*. But this absolute consequence would not follow the mere removal of a plaintiff after suit brought from the administration of an estate, for which the suit was brought. There would still be a party living; and a judgment rendered in the cause in his favor would not be void. The removal of one person, and the appointment of another as administrator would have to be brought to the knowledge of the court by a plea in abatement.— *Yeaton v. Lynn,* 5 Peter's R. 231. See also, *Hatch v. Cook,* 9 Porter, 177. And then, according to § 2284 of the Revised Code, the suit may be prosecuted by . . . . any succeeding executor or administrator, who may be made a party on motion. And this motion comes in time, when it is made at the same term of the court, at which the plea in abatement is filed.

The motion for a *mandamus* must prevail; and by the conditional agreement of counsel, it is ordered that a peremptory writ of *mandamus* issue, as prayed for in the petition, to reinstate the cause and allow Jonas E. Jones, as administrator *de bonis non, &c.*, to be substituted as such administrator for Robert R. Wright, as plaintiff therein.