# Ex Parte Howell.

### *Application for Mandamus.*

1. *Revivor of action in the name of personal representative; within what time must be made.*—Where the plaintiff in an action dies pending the suit, and the action is revived within the statutory period in favor of a legally appointed administrator who, before trial, resigns, such action can not be revived, after the expiration of the period fixed by statute for revivor (Code of 1886, § 2603; Code of 1896, §38), in the name of the legally appointed administrator *de bonis non*. (HEAD, J., *dissenting*.)

This was an application originally filed in this court by D. D. Howell, asking that a writ of *mandamus* be issued to the judge of the circuit court of Coffee county, directing and commanding him to restore to the docket of said court the cause of D. D. Howell, Admr. *de bonis non* of James W. Clark, deceased, against Reuben Beasley and others, and to make and enter an order, reviving said cause in the name of the petitioner, as administrator *de bonis non* of the said James W. Clark, deceased. The facts of the case are sufficiently stated in the opinion.

[*Ex parte* Howell.]

HUBBARD & HUBBARD, for petitioner, cited *Ex parte Jones,* 54 Ala. 108.

No counsel marked as appearing for respondent.

HEAD, J.—Clark, the plaintiff in a real action, in Coffee county, died pending the suit. Within eighteen months thereafter, petitioner, Howell, having become administrator of Clark by appointment of the probate court of Coffee county, caused the action to be regularly revived in his name as such administrator. Conceiving afterwards that the appointment was void because Clark, at the time of his death, resided in Butler county, Howell resigned his office and then procured himself to be appointed administrator by the probate court of Butler county, and, upon that appointment, procured an order of the circuit court again reviving the action in his name, as administrator. On appeal to this court from a trial of the cause thereafter had, the Butler county appointment was declared void (*Beasley v. Howell,* 117 Ala. 499), and upon the return of the case to the circuit court Howell had himself appointed administrator *de bonis non* by the probate court of Coffee county, where this court had held exclusive jurisdiction of the administration of Clark's estate had attached and resided, by reason of that court having first taken jurisdiction by its original appointment of Howell; and upon securing this new appointment he moved the circuit court to again revive the action in his name as administrator *de bonis non.* Upon objection, the court refused the motion because more than eighteen months had elapsed since the death of Clark—that being the period (as the court held) within which, under the statute (Code of 1886, § 2603, Code of 1896, § 38), such pending actions are required to be revived.

Ignoring the void proceedings, which were had, the case is, that revivor of the action in favor of a lawfully appointed administrator in chief of Clark was had within the statutory period. This administrator afterwards, and before trial, resigned, and after the lapse of eighteen months from the death of Clark he, the same person, was legally appointed administrator

*de bonis non,* and he then, as such, moved for a revivor, in his name, which was denied. The suit had remained upon the docket of the circuit court in the name of the administrator, no order of abatement or to strike it from the docket having been ever moved for or made. In fact, Howell, the administrator, after his resignation, continued to prosecute the suit down to the order striking the case from the docket, relying, however, in doing so, upon his said void appointment and void revivor.

Following the decision of this court in *Brown v. Tutwiler,* 61 Ala. 372, we must hold that the circuit court ruled correctly, and the application for *mandamus* must be denied.

The views of the writer of this opinion to the contrary are so pronounced that he is constrained to express them. Under the operation of the authority referred to, a suit pending at the death of the plaintiff and duly revived in the name of his personal representative, within the prescribed eighteen months cannot be further prosecuted when the personal representative, for any cause, ceases to be such, after eighteen months from the death of the intestate. Though he die the day after the eighteen months expire, and an administrator *de bonis non* be appointed as soon as the law will allow, and motion be made by the administrator *de bonis non* to be made a party and permitted to prosecute the suit at the earliest practicable moment, yet the suit must be no longer prosecuted; it must abate. Such, it seems to me, cannot be the meaning and intention of our statutes on the subject. I do not think it is in accordance with the common practice of the courts.

In the first place, the removal of an administrator by the probate court appointing him (and his resignation is of the same effect), as was clearly pointed out by Judge MANNING in *Ex parte Jones,* 54 Ala. 108, does not *ipso facto* nullify his status and character as plaintiff in an action pending in his name as administrator of the estate, nor incapacitate him, in the absence of objection interposed in the trial court, to prosecute it to a recovery of judgment; and the judgment when recovered would be valid. Judge MANNING said: "By the death of the plaintiff, the suit by common law

would *ipso facto* abate for want of a living party to maintain it, and any judgment therein while the cause was in that condition would then and still be wholly void. But this absolute consequence would not follow the mere removal of a plaintiff after suit brought, from the administration of an estate for which the suit was brought. There would still be a party living; and a judgment rendered in the cause in his favor would not be void. The removal of one person and the appointment of another as administrator would have to be brought to the knowledge of the court by a plea in abatement;" citing *Yeaton v. Lynn,* 5 Peters, 231; *Hatch v. Cook,* 9 Port. 177.

There are two sections of the Code of 1886 to be considered. Section 2603 (Code of 1896, § 38) is as follows: "No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within eighteen months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest; or the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor."

Section 2265 of the same Code is as follows: "When any action has been commenced by or against the personal representative of a decedent, the same may be prosecuted by or against any succeeding executor or administrator, who may, on motion, be made a party."

The first mentioned of these sections (2603) is placed in the chapter devoted generally to "actions and parties," the second (2265) in the chapter devoted specially to "actions by and against executors and administrators," etc.

Omitting the limitation of eighteen months within which it is provided the revivor must be allowed, the first mentioned section was enacted in the year 1802, substantially as it has existed ever since. The limitation of eighteen months was first introduced into it in the adoption of the Code of 1852. The other section was enacted in 1821, substantially as it has ever since existed. No limitation of that section, in terms, has ever been enacted.

[*Ex parte* Howell.]

These statutory provisions are of the most highly remedial and beneficial character. By the common law the death of a party put an end to the pending suit. If a plaintiff, his personal representative (the cause of action surviving) must have sued anew. The suit could not be revived. It was to avoid this result, in the most beneficial way, that legislation intervened. We should give that legislation such broad, liberal interpretation as will fully accomplish what the law-making power manifestly intended.

The legislature of 1802, in enacting what afterwards became said section 2603, evidently had in mind the desire to make provision only for the continuance of an action after his death, begun by a plaintiff, in his own behalf, during life, upon a cause of action which survived to the personal representative, without suffering the action to abate, as at common law, requiring the administrator to sue anew. It was manifestly never intended that the personal representative of a deceased personal representative of another person (the owner of the cause of action), who had sued to reduce to possession the assets of the intestate or testator, should have the right to revive the suit in his name. It has never been supposed, under our system, that the personal representative of a deceased personal representative of another deceased person could sue upon a cause of action belonging to the estate of such other deceased person. I am not aware of any mode of judicially reducing to possession the assets of a deceased person, or enforcing a cause of action belonging to such deceased person except suit by the personal or legal representatives of the deceased. It cannot be done by the representative of one who, in life, happened to have been a personal representative of the deceased owner of the cause of action. So, it seems to me most apparent, that the court fell into error, in *Brown v. Tutwiler*, 61 Ala. 372, in applying section 2603 to an action instituted by the personal representative of a deceased person, as such, which was sought to be prosecuted by, and in the name of, the administrator *de bonis non*—the administrator in chief, who brought the suit having died, and the party seeking to revive having been appointed administrator *de bonis non*.

Until the passage of the act of 1821, forming said section 2265 of the Code of 1886, there was no provision for reviving actions commenced by executors or administrators, in favor of succeeding executors or administrators. The legislature in passing that act, of course, realized for it a scope and field of operation different from the already existing law in reference to revivor of actions upon the death or other disability of plaintiffs; otherwise the latter enactment would have been a useless proceeding. The difference is apparent at a glance. The one relates to causes of action which by law survive the deaths of the owners thereof, and which were the subjects of pending suits by the owners at the times of their deaths. The other to actions commenced by or against representatives of deceased persons, as such, when for any cause the representative ceases to be such pending the suit, and a successor in the trust has come into being. It is hard to conceive of provisions so akin and yet so different in their field of operation. In one, the Code makers of 1852 (having in mind, possibly, to make the act more consistent with the general eighteen months statute of non-claim) saw proper to introduce the limitation of eighteen months; in the other which, in no event, could give rise to a conflict with the general statute of non-claim, no such limitation has ever been introduced. The makers of the new Code of 1896, evidently had the thought in their minds when (the legislature having previously reduced the period of non-claim to twelve months) they reduced the limitation in the revivor statute to twelve months, thereby conforming the provisions, on that point, to each other.

Now, if I am right in these views, it is plain that the case now before us is not governed by said section 2603. The lawfully appointed administrator of Clark had fully met and satisfied the provisions of that section by making himself, in his representative character, the plaintiff in the action, and undertaking its prosecution, within the time limited. The subsequent effort to revive, which the circuit court rejected, was made by the administrator *de bonis non*—a successor in the trust—in pursuance of the other section. A fair and liberal interpretation of that section clearly brings

the case within it. Within its meaning, Howell as administrator in chief of Clark, "commenced" the suit when he took up the dormant action of his intestate, made himself the plaintiff therein and undertook its prosecution. It was, in legal effect, as much the commencement of a suit by the administrator as if he had begun an entirely new and independent action. The only difference is in the *mode* of commencement. If this were not true, as I said before, a suit duly revived by an administrator, within eighteen months (twelve months now) from the death of the intestate, would go out of court if the administrator should die even the next day after the eighteen months expire, without any power in the administrator *de bonis non* to cause it to be revived in his name—a result contrary, I believe, to the universal practice of our trial courts for nearly a century.

If it be said that without a prescribed limitation a suit left without a party by reason of the death, resignation or removal of the personal representative suing or defending, the case might be kept in court indefinitely without revivor, the plain answer is, that my conclusion leaves that matter just where it ought to be— within the sound discretion of the court. If the vacancy is on the side of the defense, the plaintiff has power, at once, to cause the appointment of an administrator and the revivor of the suit against him, and the court would grant only reasonable time for the exercise of that right. If on the side of the plaintiff, the court, on objection or plea, would not keep the defendant in court an unreasonable time awaiting revivor and prosecution of the action, by an administrator *de bonis non*. Following the language quoted from the opinion of Judge MANNING, in *Ex parte Jones, supra,* he further said: "And then, according to § 2284 of the Revised Code [the same as § 2265, Code of 1886] the suit may be prosecuted by * * * * any succeeding executor or administrator who may be made a party on motion. And this motion comes in time when it is made at the same term of the court at which the plea in abatement is filed."

My opinion is, that Howell as administrator *de bonis non,* had a right to revive the suit, and that *mandamus* should issue as prayed for to have the case restored to the docket for that purpose.