(114 So. 684)

## SOVEREIGN CAMP, W. O. W. v. HUTCHIN-SON. (8 Div. 954.)

Supreme Court of Alabama. Nov. 10, 1927.

Rehearing Denied Dec. 22, 1927.

1. Insurance ☜818(1)—In action on fraternal benefit certificate, evidence of defendant's of-fer to return premiums paid held properly re-jected.

In action on fraternal benefit certificate, ev-idence of defendant's offer to return premiums paid, without showing plaintiff had accepted the offer, held properly rejected as immaterial, es-pecially where question of offer to return pre-miums was not raised in pleadings.

2. Witnesses ☜236(7)—Objection to question to local clerk of association whether benefit certificate was issued on application in evi-dence, without showing witness had first hand knowledge, held properly sustained.

In action on fraternal benefit certificate wherein it was contended beneficiary had fraud-ulently misrepresented facts in application, ob-jection to question to local clerk of associa-tion as to whether policy had been issued on application in evidence, without showing witness had first hand knowledge that general office had issued policy in reliance on such application, held properly sustained, especially where there was no doubt that policy had been issued on applica-tion in evidence.

3. Evidence ☜477(2) — Nonexpert witness held not qualified to give opinion as to in-sured's health.

Objections in action on fraternal benefit certificate to questions asked nonexpert witness as to insured's health prior to application for certificate and at time certificate was issued held properly sustained.

4. Insurance ☜818(2)—Whether local clerk not having authority to finally accept risk re-lied on insured's warranty of health held im-material.

Whether local clerk of fraternal beneficiary association not having authority to finally accept life insurance risk relied on insured's warranty of health held immaterial in suit on fraternal benefit certificate, since that was the business of the home office.

5. Evidence ☜151(2)—Question whether lo-cal clerk relied on warranty of health in life insurance application held improper as calling for state of witness' mind.

Objection to question to local clerk of fraternal benefit association designed to elicit whether or not he relied on insured's warranty of health in application for life insurance held properly sustained as calling for state of wit-ness' mind.

---

**6. Evidence ⬖547—Defendant's question to doctor, his own witness, as to whether his previous affidavit was true held improper.**

Ruling against defendant's question to doctor, his own witness, in action on fraternal benefit certificate as to whether his previous affidavit was true *held* no error, where there was no purpose to impeach the witness nor question as to proper use of the affidavit, and where witness was testifying in agreement with his affidavit.

**7. Pleading ⬖285—After parties have introduced their evidence, denying right to file further pleas is discretionary.**

It is within trial court's discretion after parties have introduced their evidence to deny the right to file further pleas.

**8. Appeal and error ⬖959(2)—Denial of right to file further pleas after parties having introduced their evidence is not reviewable.**

Denial of right after parties have introduced their evidence to file further pleas is not reviewable on appeal, in absence of showing of abuse of trial court's discretion.

**9. Trial ⬖257 — Denying defendant opportunity to write explanatory charge after jury's retirement held no error.**

Denying to defendant the opportunity to write an explanatory charge after the jury had retired *held* no error.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Action on a certificate of insurance by Nona S. Hutchinson against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 214 Ala. 540, 108 So. 520.

C. H. Roquemore, of Montgomery, for appellant.

Proof that the insured was afflicted with cancer was proof that he was not in good health and that the disease increased the risk of loss. The affirmative charge should have been given for defendant. Miller v. Metropolitan L. I. Co., 214 Ala. 4, 106 So. 335.

R. E. Smith and Robert C. Brickell, both of Huntsville, for appellee.

There was no plea of tender, and no tender could have affected the rights of plaintiff unless accepted by her. Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897. The allowance of additional pleas was discretionary with the trial court. Mass. Mutual L. I. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768. It is not every consultation with a physician, failure to disclose which will vitiate a policy. Brown v. Metropolitan L. I. Co., 65 Mich. 306, 32 N. W. 610, 8 Am. St. Rep. 894; Franklin L. I. Co. v. Galligan, 71 Ark. 295, 73 S. W. 102, 100 Am. St. Rep. 73; Mutual L. I. Co. v. Snyder, 93 U. S. 393, 23 L. Ed. 887; W. O. W. v. Bass, 207

Ala. 558, 93 So. 537; Brotherhood v. Riggins, 214 Ala. 79, 107 So. 44.

SAYRE, J. Action on a policy (certificate) of life insurance issued by a fraternal benefit association. Insured died of a mediastinal (relating to the space in the chest between the pleural sacs of the lungs) cancer about three months after he applied for insurance. The defense was based upon alleged breaches of warranty to the effect that at the time of the delivery of the policy insured was in good health and had not suffered from cancer or other disease or ailment tending to shorten life, and that he had fraudulently misrepresented certain facts—to speak generally—concerning the history of his health.

[1] Plaintiff was the beneficiary named in the policy in suit and was the surviving wife of the insured. There was no error in overruling defendant's offer to show that, after the death of insured, defendant offered to return to plaintiff the money (sic) which insured had paid to defendant in the way of premiums. No plea raised any question of the sort intimated by the evidence offered, nor could the matter inquired about have been material in the cause unless the offer to return had been accepted by plaintiff. But it was not shown nor offered to be shown that plaintiff had accepted the money. The form of the question implied that she had not accepted.

[2] Nor did the court err in sustaining plaintiff's objection to defendant's question to the witness Peeden as to whether defendant issued the policy in suit on the application of insured which was put in evidence. Peeden was clerk of the local camp of the Woodmen of the World, the insurer, which had its general office, where such matters were finally determined, in the state of Nebraska. It did not appear that the witness had knowledge at first hand. However, the application was in evidence, nor can there be any doubt upon the record that it was the application on which the policy was issued. All parties so treated it.

[3] Nor was there error in sustaining plaintiff's objection to defendant's question, referring, of course, to insured and the time of the issue of the policy, "Was he in good health at that time?" That would seem to call for the opinion of an expert. The witness was not an expert. Had the question asked for the *appearance* of the insured, no doubt the ruling would have been different. Am. Nat. Ins. Co. v. Rains, 215 Ala. 378, 110 So. 606.

[4, 5] It was immaterial whether the local clerk relied on insured's warranty as to health. That was the business of the home office; and the answer to the question designed to elicit the reliance of the witness, would, at least, have shown merely the un-

---

disclosed state of the witness' mind—incompetent under long-established rulings of this court. Western Union v. Cleveland, 169 Ala. 131, 53 So. 80, Ann. Cas. 1912B, 534, where many of the cases are noted.

What has been said will suffice to sustain the trial court's ruling against defendant's question to Peeden, "He was sick with the same disease he had on February 1st?" a date prior to the application for a policy.

[6] There was no error in ruling against defendant's question to Dr. Wilson as to whether his previous affidavit was true. There was no purpose to impeach the witness, who had been called by defendant and was testifying in agreement with the affidavit. There was no question as to the previous proper use of the affidavit, nor was the anticipated statement of the witness at the trial otherwise competent.

[7, 8] It was within the judicial discretion, after the parties had introduced their evidence, to deny the right to file further pleas. Mass. Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 267, 70 So. 768; Jones v. Ritter, 56 Ala. 270; Craig v. Pierson Lbr. Co., 179 Ala. 535, 60 So. 838. As said in the last-cited case:

"This discretion should be liberally exercised for the promotion of right and justice, but the action of the trial court"—we think we may properly interpolate, in the absence of a showing of abuse (not shown in this case)—"is not revisable on appeal."

[9] So, likewise, there was no reversible error in denying to defendant the opportunity to write an explanatory charge after the jury had retired.

Appellant urges that the general charge requested by it should have been given. The entire record has been considered with due care. The questions at issue between the parties were, very clearly, as we think, related to matters in dispute in the evidence, and this charge was properly refused.

The judgment must be affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.