157 So.2d 3

**WOOD LUMBER CO., Inc., et al.**

v.

**Sarah Howard BRUCE.**

6 Div. 652.

Supreme Court of Alabama.

Oct. 17, 1963.

Jimmy Argo, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for respondent.

Mead, Norman & Fitzpatrick, Birmingham, for appellants.

Ling & Bains, Bessemer, and Hare, Wynn & Newell, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by defendants from judgment granting plaintiff's motion for new trial in an action for personal injury to plaintiff which was allegedly caused by the negligence of defendants in causing or allowing a truck, of which they were in control, to collide with the automobile in which plaintiff was riding on a public highway.

The action is against two defendants, namely, the corporate master and its servant, Olivia Hill, who was driving the truck.

The cause was submitted to the jury on Count One which, with omission of the catalogue of plaintiff's injuries, recites as follows:

"The plaintiff claims of the defendants $75,000.00 as damages for that heretofore, to-wit, on February 11, 1958, the plaintiff was driving an automobile on a public highway in Jefferson County, Alabama, to-wit, on Possum Valley Road at a point near the entrance to the Sheet Mill Superintendent's Office at Fairfield, Alabama, and on said occasion the defendants were in charge and control of the operation of a motor vehicle, to-wit, a truck upon the same public highway. And plaintiff avers that on said occasion the motor vehicle of the defendants collided with the motor vehicle in which the plaintiff was riding as aforesaid and as a proximate consequence thereof the plaintiff sustained an injury * * *.

"And plaintiff avers that on said occasion the defendants negligently caused or negligently allowed the vehicle of which they were in control as aforesaid to collide with the automobile in which plaintiff was riding as aforesaid and as a proximate consequence of said negligence of defendants plaintiff suffered said injuries and damage."

Defendants pleaded in short. The jury returned a verdict for both defendants.

Ground 17 of plaintiff's motion for new trial recites as follows:

"17. For that the Court erred in giving to the jury the following charge, duly requested in writing by the defendants:

" '16. I charge you that if you are reasonably satisfied from the evidence that the defendant Olivia Hill drove defendants' motor vehicle on the occasion complained of with that degree of care that a reasonably prudent person would have employed under the same or similar circumstances, then, in that event, you need consider the case no further, and your verdict should be in favor of the defendants.' "

The judgment complained of recites that the granting of the motion for new trial "is based upon ground numbered 17 * * * and upon that ground alone."

Defendants argue that the giving of defendants' Charge 16 was not error. Defendants say plaintiff has chosen "to state her cause in one count charging negligent breach of a duty to operate a motor vehicle in a reasonably careful manner," and would be entitled to recover for breach of the duty to use reasonable care in the operation or manipulation of the vehicle, but, plaintiff should not be allowed to recover for some negligent act of defendants which did "not constitute a breach of the only duty alleged to rest upon appellants, a duty to use reasonable care in the operation of the vehicle."

Stated differently, defendants contend that the only negligent act charged in the complaint is negligence in controlling or manipulating the truck on the highway, and, therefore, plaintiff could not recover if her injuries proximately resulted from the breach of a duty on the corporate master to use reasonable care to provide a truck with adequate brakes for the use of the defendant driver, Olivia Hill.

On the other hand, plaintiff argues:

. "(1) Appellant has simply assumed that this is a case in which the court averred negligent operation and proved negligent maintenance. The count nowhere charges negligent operation, and it is not limited to negligent operation.

"(2) If the count had charged negligent operation, that would have included negligence of the corporate defendant in operating this truck, among other things, on the highway, with bad brakes, although that could also have been described as negligent maintenance by the corporate defendant and any agent in charge of maintenance.

"Therefore, the trial court was right in correcting its manifest error in giving Charge 16, which directed a verdict for both defendants unless the driver, Hill, negligently 'drove defendants' vehicle on the occasion complained of', limiting plaintiff's recovery to the single theory of unskillful driving at the scene."

We are of opinion that the plaintiff has the better of the argument and that the granting of plaintiff's motion for new trial was not error.

Defendants' given Charge 16 clearly limits plaintiff's right to recover so that she can recover only for lack of reasonable care on the part of defendant Hill in driving the truck. The charge eliminates the issue of liability of the corporate master for furnishing a truck with defective brakes. As we view it, elimination of the issue as to defective brakes was error. We are of

opinion that the issue as to defective brakes was presented by the complaint.

◼ We do not understand that defendants dispute the correctness of the rule which has been stated as follows:

"'Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travellers.

"'To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine, and is chargeable with notice of everything that such inspection would disclose. This rule applies where the operator is the owner of the vehicle or rents it from another, or permits another to use it, or lets it to another for hire. But in the absence of anything to show that the appliances were defective, the owner or driver is not required to inspect them before using the car or permitting it to be used.'" Motor Terminal & Transportation Co. v. Millican, 244 Ala. 39, 43, 12 So.2d 96.

In William E. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94, the complaint charged in pertinent part that:

"* * * Cleve Howard * * * servant * * * of the Defendant * * * negligently drove a Ford Coupe * * * the property of the said Defendant, at a high rate of speed * * * over, onto or against Plaintiff's automobile and as a proximate * * * consequence thereof Plaintiff was severely injured * * *."

The opinion in Harden contains the following statement:

"On the trial of this case below it was clearly established that the brakes on the Ford Model A Coupe automobile, being driven by Cleve Howard, were defective and that because of these defective brakes the collision between said Ford Coupe and plaintiff's automobile, then being driven by plaintiff, occurred. At the time and place of this collision Cleve Howard was driving said Ford Coupe along and over a public street of the City of Phenix City, Alabama. The public streets of the various cities of this State are a part of the public highway system of this State. Section 1397(88), Ala.Code (Michie's) 1928, provides that 'every motor vehicle when operated upon a highway [of this State] shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle.' Under the evidence in this case said Ford, Model A Coupe automobile, a motor vehicle, was being driven by Cleve Howard, at the time and place specified in the complaint, in violation of the above Statute. This was negligence per se. Stewart v. Smith, 16 Ala.App. 461, 78 So. 724; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471." (29 Ala. App., at page 415, 197 So., at page 97.)

§ 1397(88), Michie's Code of 1928, referred to in Harden is substantially the same as § 35, Title 36, Code 1940.

◼ Without undertaking to construe the statute referred to as it might apply in every conceivable situation, we are of opinion and hold that a complaint, which charges that a defendant was in control of a motor vehicle on a public highway and "negligently caused or negligently allowed" such vehicle to collide with another vehicle, includes the issue as to whether or not such defendant breached his duty of reasonable care to provide a vehicle with adequate brakes as required by the statute.

◼ In other words, we hold that a charge that defendant placed a vehicle on the highway with defective brakes is embraced within the charge that defendant negligently caused or allowed the vehicle to collide with another vehicle. This we think

follows because operating, or causing to be operated, on a public highway, a motor vehicle with defective brakes constitutes, as we view it, negligent operation of the vehicle.

Defendants assert, however, that even if the complaint be construed as charging that the master negligently caused or allowed the truck to be operated with defective brakes, "* * * there was absolutely no evidence in any wise tending to show that there had been negligent maintenance of the motor vehicle by the company."

We are of opinion that there was at least a scintilla of evidence to support an inference that the corporate master caused the truck to be operated with defective brakes. As we understand the record, defendant Hill, who was driving the truck, testified in pertinent part as follows:

"Q  Now, on this occasion it is a fact that the truck which you were driving had bad brakes, that is true, isn't it, at the time of the accident?

"A  Yes, sir.

"Q  Tell the jury how old that was, was that some brand new truck that you just bought and the brakes failed on or was that an old truck?

"A  It was an old truck.

"Q  It was nearly ten years old, wasn't it?

"A  Yes, sir."

We are not to be understood as intimating that the jury could not find that the truck driver, Olivia Hill, was guilty of negligence in operating the truck with defective brakes. No argument has been directed to that contention and we have not responded to it. Our response is to the matters argued in brief.

Failure to except to oral charge is not waiver of statutory right to except to an erroneous given charge. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So. 2d 388.

We think it follows that the court erred in giving defendants' Charge 16 and did not err in granting a new trial on Ground 17 of plaintiff's motion.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.