253 So.2d 760

Wayne HUMPHREY, as Executor of the Estate of T. J. Morrow, deceased

v.

Opal S. BOSCHUNG and Onie S. Garrison, Individually and as Administratrices of the Estate of Katie Morrow Sharp, deceased.

8 Div. 13.

Court of Civil Appeals of Alabama.

Oct. 14, 1970.

Rehearing Denied Nov. 18, 1970.

312

Grady J. Long, Hartselle, for appellant.

Hutson & Elrod, Decatur, for appellees.

WRIGHT, Judge.

This matter began by the filing of a claim in probate court for services against the estate of T. J. Morrow, deceased, by appellees, as administratrices of the estate of Katie Morrow Sharp. Upon hearing in probate court, the claim was partially allowed and appellant appealed the probate judgment to circuit court under the provisions of Title 61, Section 216, 1940 Code of Alabama. A jury trial de novo was held with verdict and judgment in favor of claimants in the amount of $1916.00. Appellant-contestant brings this appeal from the judgment and various rulings of the trial court, including written charges given and refused.

The original statement of claim for services rendered to appellant's intestate by appellees' intestate was not formalized into a complaint on appeal. Appellant made no

issue of this procedure and filed pleas of the general issue, payment and the statutes of limitation of three and six years. There followed extended pleading by replication, rejoinder, amended replication, demurrer and surrejoinder. Rulings of the court on the pleadings are not involved in this appeal and will not be directly further discussed.

The deceased intestates were brother and sister. T. J. Morrow had lived from time to time in the home of his sister, Katie Morrow Sharp, for a number of years during their lifetimes. The evidence tends to show that from about 1953 until the middle of 1962, Morrow had stayed regularly, except for short periods, with his sister, Mrs. Sharp. There was evidence that Mrs. Sharp provided him with room and board and personal attention required, and that Morrow helped out some by gardening, milking cows and performing other chores. There was no evidence of an express contract for services between the brother and sister until a Sunday afternoon in May of 1959. Evidence was presented that on that occasion there was a discussion between the daughters of Katie Morrow Sharp and T. J. Morrow that he should pay the amount of $50.00 per month for staying there so long, and for the future. Morrow is stated to have said that "they would get what was coming."

Morrow continued to live with Mrs. Sharp until May of 1962. There was evidence that when Morrow stayed with another sister for brief periods during the years covered by the claim he paid board and that $50.00 per month was a reasonable sum for the services rendered him.

There was introduced in evidence by appellant canceled checks issued by Morrow to Mrs. Sharp totaling $260.00. These checks were variously dated from December 1960 to May 19, 1962. There appears on the face of the various checks the words, "for board," "board to date," and "final board." The words, "final board" appeared on the check dated May 19, 1962, which date was the undisputed time of final departure of Morrow from the home of Mrs. Sharp. All of the checks had been endorsed by Mrs. Sharp or on her behalf and paid by the bank.

To the pleas of the statute of limitation appellees had filed replications that Mrs. Sharp was incompetent from June 30, 1960 until her death on August 24, 1964, and thus the statutes were not running against her in accordance with the provisions of Title 7, Section 36, Code of Alabama 1940. It was further replied to the pleas that partial payment was made on the indebtedness on May 19, 1962, and the statutes began running again from that date, and in addition there was no administration of the estate of Mrs. Sharp for more than six months after her death, and that the statutes were not running against her claim during such time as provided by Title 7, Section 53, Code of Alabama 1940.

The total amount of the claim was $5400.00. This total represented 108 months at $50.00 per month.

There was further replication to the plea of the 3-year statute of limitation that the claim was based on an express oral contract entered into by the parties on Sunday, May 19, 1959. So far as the record discloses there was no formal complaint other than the original claim for services filed in probate court, but it is clear from the record that the theory of the trial was that there was either an express oral contract between the parties or that the facts and circumstances were such that a contract was implied in law for the reasonable value of the services rendered. It is clear the court considered the trial was upon such theory, when it orally charged the jury that such were the issues. To this oral charge the appellant did not object.

We will therefore consider the case on review as did the trial court, that the issues were whether there was a valid express contract between Mr. Morrow and Mrs. Sharp for payment for services rendered, or a promise implied by law from the facts and circumstances, for payment of

the reasonable value of such services. We can only review as to the theory on which the case was tried below. Weston v. Weston, 269 Ala. 595, 114 So.2d 898; Union Springs Telephone Co. v. Green, Ala., 229 So.2d 503.

We think it pertinent to our further discussion to point out at this time that recovery in this case could be based on proof of the existence of either an express contract or one implied by law. Recovery for the same subject could not be based on both. There cannot be in existence at the same time both an express contract and an implied contract for the same thing. Where an express contract is in force, the law does not recognize an implied contract. 58 Am.Jur. Work and Labor, Section 32; Coleman v. Adkins, 232 Ala. 351, 168 So. 184.

As we come to consider appellant's assignments of error, we eliminate consideration of assignments 1, 6, 7, 8 and 10. These charge no error to the trial court, but rather to appellee, and are not to be considered under Rule 1, Revised Supreme Court rules.

Assignments 2, 3 and 4 charge error in the verdict of the jury as to its excessiveness. These assignments relate to no ruling of the trial court, as appellant failed to file a motion for new trial, and thus invoked no action of the trial court for review of the verdict of the jury. New York Times Co. v. Sullivan, 273 Ala. 656, 144 So.2d 25; Baker v. Citizens Bank of Guntersville, 282 Ala. 33, 208 So.2d 601; Fallaw v. Flowers, 274 Ala. 151, 146 So.2d 306.

Assignment of error 5 is not argued in brief and is waived. Rule 9, Revised Supreme Court Rules.

Assignment of error 9 charges error in the sustaining of objection to appellant's question addressed to Opal Boschung, one of the administratrices of the claimant estate, which question was as follows: "I will ask you if you have been discharged by the probate court as administratrix of the estate of Katie Morrow Sharp?"

The trial judge sustained objection to the question and stated as the reason that it had already been answered on cross-examination. There were several questions posed by appellant to this witness as to whether she was still administratrix at the time of trial; whether she was still under bond; whether she had made a final settlement. All of these questions were posed prior to the question quoted above.

The answers given tended to show that the witness was not then under bond, that some sort of settlement had been made, and that some sort of discharge had been given the witness. The court considered that appellant's question had been previously substantially answered. We are inclined to agree with the trial court.

In addition, we cannot see that the question posed had any relevance at all to the issues presented by the pleadings, or if it did, that such manner of proof was proper.

If the witness had been discharged as administratrix and no longer was possessed of authority to represent the estate, there was higher and better proof of that fact—the decree of discharge.

If there had been a discharge and one or both of the plaintiffs were without authority to prosecute the claim, the proper pleading would have been by plea in abatement. Title 7, Section 153, 1940 Code of Alabama. Ex parte Jones, 54 Ala. 108; Ex parte Howell, 118 Ala. 178, 24 So. 500; Hatch v. Cook, 9 Porter 177.

It appears that appellant was attacking the representative capacity of only one of the administratrices, the witness Boschung. If such was the case, her incapacity would not abate the suit, as it would be continued by the coadministratrix. Title 7, Section 153, supra; Title 61, Section 176, Code of Alabama 1940. In any event, the action would not abate or be dismissed for

twelve months if there was no authority in any of the administratrices, as it could be revived in accordance with Title 7, Section 153, supra. The court did not commit error as charged in assignment 9.

Assignments of error 11 and 12 charge error in the giving of claimants' written charge 3. We will not set out charge 3 here. The charge was to the effect that even though there had been final settlement of the estate of Katie Sharp and discharge of claimants as administratrices, they nevertheless might proceed with the collection of debts owed to the estate.

Such a charge was not a correct statement of the law. It appears axiomatic that one who may act only upon authority of a court appointment, may not continue to act after such authority has terminated, whether by death, resignation or by order of discharge or removal. If such were not the case there would be no need for statutes on revival such as Title 7, Section 153 and Title 61, Section 121. The cases cited by appellees in support of the charge are not authority for it. The case of Norman v. Norman, 3 Ala. 389, relates only to final settlement and distribution of an administration, not a discharge of the administrator. It is stated therein that the functions of an administrator do not necessarily cease with final settlement and distribution. In the case of Ditmar's Administrator v. Bogle's Distributees, 53 Ala. 169, the above statement from Norman v. Norman, supra, was quoted and the following added: "He may, if necessary, after such settlement proceed with the collection of outstanding debts; *or, if he is discharged, or resigns, a successor may be appointed, and charged with the duty of collecting them.*" (Emphasis ours.) The emphasized portion of the above quotation clearly indicates that after discharge no further authority to act on behalf of the estate exists. By statute, final settlement and distribution must precede an order of discharge. Title 61, Section 362, Code of Alabama 1940.

It is difficult to conceive how final settlement, distribution and discharge could have occurred with a claimant's suit pending in the Katie Morrow Sharp estate.

Though we think the charge erroneously stated the law, the giving of such a charge was unnecessary, and was without the issues as raised by the pleadings as we have previously discussed in relation to assignment 9. Thus there was no prejudice to appellant in its being given, and it does not require reversal. Rule 45, Supreme Court Rules.

Assignments of error 13 and 14 relate to the giving by the court of appellees written requested charge No. 32. Claimants' written charge 32 was as follows:

"I charge you that if you are reasonably satisfied from the evidence that, during the joint lifetimes of Mr. T. J. Morrow and Mrs. Katie Morrow Sharp, Mr. Morrow recognized an indebtedness to Mrs. Sharp and promised to pay the same; if you are further reasonably satisfied from the evidence that Mr. Morrow thereafter did make partial payments on the indebtedness; if you are further reasonably satisfied from the evidence that Mrs. Sharp died and that there was no administration had upon her estate for more than six months after her death; and if you are further reasonably satisfied from the evidence that Mr. Morrow died on or about the 25th day of August, 1967, and that the contestant, Wayne Humphrey, was granted letters testamentary on the Last Will and Testament of Mr. Morrow on 2 November, 1967, then I charge you that Mrs. Sharp's administratrices, the present claimants, had six years, plus six months, plus ninety-nine days from and after the date of the last of the aforesaid partial payments by Mr. Morrow in which to file the present claim."

We think that under the evidence in the case, that charge 32 was so mislead-

ing and prejudicial to appellant as to require a reversal of the case. Such a charge must be presumed to have been given on the premise that there was at least some evidence for the jury's consideration which would support a valid express contract between the parties. We have thoroughly examined the evidence and find nothing to support the existence of such a contract. The only evidence offered as to an express contract was the conversation between Morrow, Mrs. Sharp and her daughters on Sunday afternoon, May 19, 1959.

It is the statutory law of this state that all contracts made on Sunday, with specific exceptions not applicable to this case, are void. Title 9, Section 21, Code of Alabama 1940. McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221.

■ Since there was no evidence before the jury as to a valid express contract, the court should not have instructed the jury that a statute of limitation of six years might enter into their deliberations. There was only evidence available for their consideration as to an implied contract. There is a limitation on the bringing of an action for enforcement or breach of such a contract of three years. Norton v. Liddell, 280 Ala. 353, 194 So.2d 514; Hood, Admr. v. League, 102 Ala. 228, 14 So. 572.

■ The sums claimed by claimant covered a period of time greatly exceeding three years. In the absence of an express contract, it appears from the evidence that much of the claim would be barred by the statute of limitations of three years, even though acceptance by the jury of the evidence as to tolling of the statute be fully credited.

In fact, a simple mathematical calculation involving the amount of the judgment ($1916.00), plus the $260.00 shown to have been paid, divided by the amount $50.00, shown by the evidence as the reasonable monthly value of the services rendered, clearly shows the verdict of the jury was not limited by a 3-year statute.

The maximum recovery at the amount of $50.00 per month, assuming the suit was timely brought as of May 1962, would have been $1800.00 under a 3-year statute of limitation.

It was held in Norton v. Liddell, supra, that damages for the value of services rendered under a contract implied by law is merely an open account, and that compensation can be recovered only for those services rendered within three years before the beginning of the action.

■ It is contended by appellee that the theory of the case was in the alternative, that recovery was sought on either an express contract or an implied contract, and since there was a general verdict, the verdict may be referred to either alternative supported by the evidence.

Such an argument is supported by broad authority, where applicable as to counts in a complaint founded on different grounds of recovery subject to the same time limitation for beginning of the action, or when the action is brought timely as to both, and there is evidence to support both.

The fallacy of the argument is quickly seen when there are counts on different causes of action which have different time limitations for the bringing of suit. The evidence is without dispute that a plea of the statute of limitations as to one count was good. That was the count with the longer statute of limitation. For the court to ignore the pleading and proof, and charge the jury at the request of the plaintiff that they may return a verdict on the barred count would be unconscionable. Such a charge, though based on a hypothesis of a finding from the evidence, assumes the existence of such evidence when there was none.

■ The theory of error without injury cannot be applied if the jury is allowed to return a general verdict when one of two counts in the complaint is undisputedly not supported by any evidence, and the court has charged the jury they may consider the

evidence as if it applied to the unsupported count. Jordan v. Henderson, 258 Ala. 419, 63 So.2d 379; Payne v. Jones, 284 Ala. 196, 224 So.2d 230.

■ Appellant's assignment of error 15 charges error in the giving of claimant's requested charge 34. That charge was as follows:

"If you are reasonably satisfied from the evidence in this case that Mr. T. J. Morrow made a promise to pay monies to Mrs. Katie Morrow Sharp; if you are further satisfied from the evidence in the case that Mr. Morrow did not keep that promise fully; and if you are further reasonably satisfied from the evidence in the case that, at the time that Mr. Morrow first failed to keep his promise fully, Mrs. Sharp was so infirm as not to be able to manage her own affairs, and, further, that she never regained the ability to manage her own affairs prior to her death, then no statute of limitation could run against Mrs. Sharp during her lifetime with respect to the bringing of an action on her part to recover from Mr. Morrow for his failure to keep his promise fully."

Claimant's charge 34 is subject to our conclusions as to charge 32. It is presented on the hypothesis that there was evidence of a valid express promise to pay for services by Morrow. There was no such evidence, and to charge, in effect, that there was, was error to reverse.

■ We think charge 34 is subject to further objection in that it obviously intends to charge as to the application of Title 7, Section 36, supra. It does not charge in the words of the statute or clearly convey its meaning or legal effect. The statement in the charge that no statute of limitations would run against the bringing of an action by Mrs. Sharp if she were "so infirm as not to be able to manage her own affairs," is not a correct statement of the provisions of the statute. It in no way defines for the jury the meaning of "infirm." It does not

indicate the type of infirmity—whether physical or mental. From such a charge the jury could conclude that mere physical infirmity that prevented management of her affairs was sufficient to toll the statute of limitations.

■ The charge in this respect was misleading and prejudicial. Charges which necessarily mislead, as distinguished from those having a tendency to mislead, are erroneous and cannot be cured by explanatory charge. Russell v. Thomas, 278 Ala. 400, 178 So.2d 556.

■ Claimants requested charge 36 given by the court is subject to the same error as charges 32 and 34. It also assumes the presence of evidence as to the existence of a valid express agreement. It also attempts to negate a legal presumption which could not exist if the evidence hypothesized were present. Charge 36 was as follows:

"If you are reasonably satisfied from the evidence in this case, that, during the joint lifetimes of Mr. T. J. Morrow and Mrs. Katie Morrow Sharp, there was an express agreement that Mr. Morrow should pay for services rendered to him, lodging furnished him, and board furnished him in the home of Mrs. Sharp, then I charge you that there is no presumption that such services were rendered, such lodging furnished and such board furnished to Mr. Morrow gratuitously."

Obviously, if there was an express agreement for payment for services rendered there could be no presumption of gratuity. It follows pro facto. We do not hold that the giving of a charge subject to the last mentioned fault only would be erroneous to reversal.

The rule of error without injury in the giving of the requested charge considered hereto cannot be applied. Injury in the instant case is palpably clear. The record discloses that the jury after some consideration, returned to the courtroom and requested further instruction as to the elements of an express contract. The verdict

shortly followed. We have previously shown from the amount of the verdict that it was almost certainly based on the finding of a valid express agreement.

■ We are aware that claimants written charges 32 and 34 were substantially stated in the court's oral charge, without exception by appellant. However, failure to except to the oral charge does not waive the statutory exception to an erroneously given charge. Wood Lumber Co. v. Bruce, 275 Ala. 577, 157 So.2d 3. Title 7, Section 818, Code of Alabama 1940.

Appellant assigns as further error the refusal of the court to give to the jury certain written charges requested by appellant. Since we have already determined that there must be a reversal of the case, we see no reason to continue with a lengthy discussion of the correctness or incorrectness of these charges. Under our decision we would consider that most of such charges would not be requested on another trial. We pretermit their consideration at this time.

■ We will comment that refusal of those charges submitted to the court after the jury retired would not be considered error on appeal. Sovereign Camp, W.O.W. v. Hutchinson, 217 Ala. 71, 114 So. 684.

For error in giving erroneous requested charges at the request of appellee, we reverse and remand.

Reversed and remanded.

## ON REHEARING

It has been brought to our attention upon application for rehearing that we referred in our original opinion to the date of May 19, 1959, as being on a Sunday. The undisputed testimony as to the alleged express contract for payment for services rendered Morrow by Katie M. Sharp was that it occurred on a Sunday afternoon in May, 1959. According to appellees, May 19, 1959 was not a Sunday. We therefore correct our original opinion by striking therefrom the figure 19 wherever it may appear after the word May, in reference to the date of the Sunday afternoon agreement. The date of May 19, 1959, was inadvertent and was confused with the date of May 19, 1962, which often appeared in the transcript as the date on which Morrow left the home of Mrs. Sharp.

We find we also used the word "count" in our original opinion when we were in fact, referring to replication. The theories of recovery, upon which the case was tried, were advanced by claimants' replications rather than by formal counts in a complaint. We correct our opinion by substitution of the word replication for count. This correction has no effect upon the meaning of the opinion.

Appellees charge our original opinion with failure to follow the settled appellate practice of viewing evidence in a light most favorable to plaintiff, and allowing all reasonable inferences therefrom to support a jury verdict. Appellees insist that the contract, admittedly entered into on Sunday, could have been determined by the jury to be valid because of the presence of evidence bringing it within exceptions to the invalidity of a Sunday contract.

■ In response to appellees' charge, we thought it plain in our opinion, that the reversal was not based upon insufficient evidence to support the jury's verdict, but upon erroneous instructions of the trial court. The erroneous charges requiring reversal affirmatively assumed there was evidence of a valid express contract. The only express contract in evidence was entered into on a Sunday, and thus was by statute void, unless coming within the exceptions to the statute. The charges given ignored the application of the statute to the evidence, and did not present to the jury determination of whether the evidence presented an exception under the statute. In any event, it is our opinion that there was no evidence of a moral or physical necessity giving rise to the Sunday contract which would bring it within the exceptions in the statute.

Appellees contend in their Replication J that appellant is estopped from pleading

any statute of limitation as to the claim because appellant, while serving as administrator in another estate had made an affidavit that Mrs. Sharp was incompetent in January 1964. Appellees insist that appellant joined issue on Replication J, and from the evidence, the jury could have determined that Mrs. Sharp was incompetent from as early as 1959, and that appellant was estopped from claiming benefit of any statute of limitation.

We are frankly unable to follow this argument. We can see no estoppel, since there were different parties involved in the prior administration referred to, than in the instant case. What appellant may have stated or pleaded in another case, while acting in an entirely different capacity, and applying to different issues, would be no estoppel in this case. In any case, estoppel is a preclusion in law, and its existence is a matter of law, not an issue for the jury.

Opinion extended, application for rehearing overruled.