231 So.2d 769

**Stephanie D. MAXWELL**

**v.**

**Annis Smith GRIFFIN.**

**6 Div. 2.**

Court of Civil Appeals of Alabama.

Feb. 11, 1970.

Hubbard & Waldrop and James J. Jenkins, Tuscaloosa, for appellant.

Phelps and Owens, Tuscaloosa, for appellee.

a collision between an automobile in which appellant was riding as a passenger and an automobile which was being operated by the appellee (defendant below) at or near the intersection of First Street and Bridge Avenue in the City of Northport, Tuscaloosa County, Alabama.

The complaint contained one count. This count was a simple negligence count. Demurrer of the defendants to the complaint was overruled by the court. Thereafter, the pleadings were in short by consent.

At the conclusion of the evidence the case was submitted to the jury under count one of the complaint against the defendant Annis Smith Griffin. The jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $4,-250.00, and on the same day judgment was rendered against the defendant in accordance with the verdict of the jury.

Thereafter, within the time provided by law, the plaintiff filed her motion for a new trial in the cause.

This motion was continued by the court from time to time until the 20th day of November, 1967, when the same was argued and submitted to the court and by the court overruled and denied.

Plaintiff's (appellant's) appeal is based on three assignments of error which she alleges constitute reversible error.

Appellant's Assignment of Error No. 7 is predicated upon the trial court's refusal to allow appellant's counsel to argue loss of occupational earnings to the jury. The following is that portion of the appellant's closing argument to the jury, the appellee's objection to it, and the court's sustaining of which is assigned as error:

THAGARD, Presiding Judge.

This is a suit for damages for personal injuries alleged to have been sustained by appellant (plaintiff below) as the result of

"MR. HUBBARD: As a nurse, you could consider what she would earn.

"MR. PHELPS: We object to any loss of earnings.

"THE COURT: Sustain the objection.

"MR. HUBBARD: You mean I can't argue loss of earnings, loss of occupational earnings?

"THE COURT: I don't believe there is any proof of earnings at all.

"MR. HUBBARD: There was proof she was rendered unable to work.

"MR PHELPS: Yes, sir, and there was proof she was not working.

"THE COURT: I will leave it with the jury as to her physical condition."

The testimony presented in the trial court showed that appellant had been a registered nurse since 1936; that the last time she had worked as a registered nurse was 1947; and that at the time of the accident the appellant had applications for employment pending at five hospitals in Birmingham, Alabama. The testimony showed that the appellant was not engaged in any type of employment at the time of the accident.

▇▇ We must agree with the appellant that loss of earnings and impaired earning capacity are proper argument to a jury. But, there was no evidence presented by the appellant which would show a loss of earnings. The appellant had not worked since 1947. The fact that appellant was a duly licensed registered nurse would have to be considered in regard to impaired earning capacity if she was unable to pursue that vocation due to permanent injury caused by the subject automobile accident. However, in that portion of his argument to the jury, supra, the appellant's counsel was not arguing impaired earning capacity, but he was in fact arguing loss of earnings of which there was no proof.

We are unable to fully consider appellant's argument since only a small excerpt was included in the transcript. We, therefore, adhere to the court in Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896, which stated as follows:

"* * * However, such fragmentary record of the proceeding at that point does not sufficiently set out the statement of the attorney in its context or show just what preceded or followed the expression in order to command review. * * *" (269 Ala. at page 119, 110 So.2d at page 904)

▇ In Assignment of Error No. 1:

"Appellant also contends that the trial judge committed reversible error when he excluded the statement of the witness Thomas Maxwell 'Her condition was, from my standpoint, a deterioration type condition, I guess you might call it.'"

We do not think that this statement should be considered as a shorthand rendering of the facts. The witness testified in some detail as to the activities carried on by the plaintiff (appellant) both before and after the accident. Therefore, no shorthand rendering of the facts was necessary. Also, to describe appellant's condition as "a deterioration type condition" was a conclusion on the part of a non-expert witness and the court was not in error for excluding such. See Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881; Sovereign Camp, W.O.W. v. Hutchinson, 217 Ala. 71, 114 So. 684; Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837.

▇ Appellant's Assignment of Error No. 23 is based upon the refusal of the trial court to grant appellant's motion for a new trial. She contends that Grounds Nos. 2 and 3 of such motion, which were based on inadequacy of damages, should have resulted in the granting of a new trial. Appellant argues that the largest factor in assessment of damages from the evidence in this case should be appellant's cardiac condition and the effects of this condition which at recurring intervals cause premature ventricular beats. The testimony offered concerning this cardiac

condition was conflicting as was the issue of whether the accident in question actually caused this alleged condition. These were issues for the jury. If the jury was reasonably satisfied that the cardiac condition was as serious as the plaintiff contended and that it was proximately caused by the injuries sustained in the accident, the award might have been somewhat modest; but if the jury was not so reasonably satisfied, the award was generous.

The rules governing review of a verdict have been concisely stated by the court in Montgomery City Lines v. Davis, 261 Ala. 491, 74 So.2d 923, as follows:

"The rule has often been stated in this court that a jury's award of damages cannot be disturbed unless so excessive or so grossly inadequate as to indicate passion, prejudice, corruption or mistake. * * *"

*       *       *       *       *       *

"Where the evidence is conflicting, judgment of the trial court in refusing to set aside a verdict of a jury will not be disturbed on appeal unless palpably wrong. * * * The trial court having seen and heard the witnesses testify, was in a better position than the Supreme Court to determine whether damages assessed by the jury were excessive. * * * When a trial court has refused to disturb a verdict because of the amount recovered, a reviewing court is reluctant to substitute its judgment for that of the jury and the trial court. * * *

"Refusal of the trial judge to grant a new trial strengthens the presumption in favor of the correctness of the verdict. * * *" (261 Ala. at pages 494 and 495, 74 So.2d at pages 925 and 926)

An award of $4,250.00 does not strike us as being an indication of passion, prejudice, corruption or mistake.

The judgment below is

Affirmed.