Hollis **MILES**, Plaintiff–Appellee,

v.

**TENNESSEE RIVER PULP AND PAPER COMPANY, a foreign corp., Defendant–Appellant.**

No. 88–7135.

United States Court of Appeals, Eleventh Circuit.

Jan. 12, 1989.

**10.** See footnote 1, *supra.*

J. Michael Tanner, Almon, McAlister, Ashe, Baccus & Tanner, Tuscumbia, Ala., for defendant-appellant.

H. Neal Cook, Jerry W. Jackson, Haleyville, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, JOHNSON and SMITH,* Circuit Judges.

EDWARD S. SMITH, Circuit Judge:

In this workmen's compensation case, the United States District Court for the Northern District of Alabama, on November 30, 1987, entered final judgment on a jury verdict for Hollis Miles (Miles) and against Tennessee River Pulp & Paper Company (Tennessee River). The district court, on January 27, 1988, denied Tennessee River's motion for judgment notwithstanding the verdict. We affirm in part, reverse in part, and remand this case to the district court for further proceedings.

### Issues

On appeal, we address the following issues:

---

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Whether the district court erred in denying Tennessee River's motions for directed verdict and for judgment notwithstanding the verdict (judgment n.o.v.) on Miles' claim of fraudulent suppression of a material fact;

2. Whether the district court erred in denying Tennessee River's motions for directed verdict and for judgment n.o.v. on Miles' claim for breach of implied contract; and

3. Whether the district court abused its discretion in refusing to allow Tennessee River to present evidence that Miles was injured outside the scope of his employment.

### Background

Although many of the facts are contested, the following facts are not in dispute. In 1982, Miles, an independent contractor, began cutting timber for Tennessee River pursuant to Tennessee River's Timber Harvesting Agreement (contract). Under the terms of the contract, Miles cut and delivered timber to Tennessee River's wood yard at Delmar, Alabama, for which Tennessee River paid to Miles a contracted sum of money. Further, the terms of the contract required Miles to have workmen's compensation insurance.

Tennessee River arranged to have a group workmen's compensation insurance policy issued for its contractors through an insurance broker. The insurer under this policy was Transit Casualty Insurance Company (Transit Casualty). Under this arrangement, Tennessee River provided Miles with an insurance application form which authorized Tennessee River to make the necessary deductions from Miles' contracted sum and to pay Miles' insurance premium to Transit Casualty. The policy period for the time applicable to this action was July 20, 1984, to July 20, 1985.

On January 27, 1985, Miles, while repairing the truck which he used to haul timber, was severely burned when the clothes he was wearing ignited. As a result of the injuries and subsequent medical expenses, Miles filed suit in state court on January 23, 1986, to recover workmen's compensation benefits under the Transit Casualty group policy. The state court found that Miles was not covered under the workmen's compensation policy issued by Transit Casualty because Miles had failed to file written notice with the department of industrial relations that he was electing to be covered as a sole proprietor under the Alabama workmen's compensation laws.[1]

After the state court trial but before the state court entered its order, Miles brought another action in state court against Tennessee River seeking compensatory damages for workmen's compensation benefits that Miles was allegedly denied as a result of Tennessee River's actions. Miles asserted theories of relief based on fraudulent suppression of a material fact and breach of an implied contract. The action was removed by Tennessee River to federal court on the basis of diversity of citizenship and a sufficient amount in controversy.

Tennessee River's motion for a directed verdict during the trial was denied by the district court. The jury, in answers to special interrogatories, found that (1) Tennessee River defrauded Miles by failing to disclose that Miles was required to file a written notice with the department of industrial relations; (2) Tennessee River breached an implied contract with Miles to obtain workmen's compensation insurance for Miles; and (3) Miles is entitled to punitive damages in the amount of $75,000. Based on the jury's answers to the special interrogatories, the district court entered judgment in favor of Miles. Thereafter, Tennessee River's motion for judgment n.o. v. or, alternatively, for a new trial was denied by the district court.

### Analysis

 Federal law governs the propriety of motions for directed verdict and for

---

1. The judgment was affirmed in *Miles v. Tennessee River Pulp & Paper Co.,* 519 So.2d 562 (Ala. Civ.App.1987).

judgment n.o.v. in diversity cases.[2] In reviewing whether the district court erred in denying Tennessee River's motions for directed verdict and for judgment n.o.v., we apply the same standard as that applied by the district court.[3] As this court[4] has stated:[5]

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. * * *

A. *Fraudulent Suppression*

■ Under Alabama law, the requisite elements of an actionable fraudulent suppression are (1) the suppression or concealment of a material fact and (2) a duty to disclose facts that arises either because of a confidential relation between the parties or because of the particular circumstances of the case.[6] Furthermore, in order to support a cause of action for fraudulent suppression, one must produce evidence of a present intent to deceive by the suppression or active concealment of an existing material fact.[7]

The record is totally void of any evidence that an agent or employee of Tennessee River intended to deceive Miles by suppressing the requirement to file a notice of election. Accordingly, we hold as a matter of law that reasonable and fair-minded men in the exercise of impartial judgment could not reach a different conclusion[8] as to whether employees or agents of Tennessee River possessed the requisite intent to support a fraudulent suppression cause of action. The district court, therefore, erred in denying Tennessee River's motions for directed verdict and for judgment n.o.v. on the issue of fraudulent suppression of a material fact.[9]

B. *Breach of Implied Contract*

■ The jury, in answering special interrogatories, found that Tennessee River breached an implied contract with Miles to obtain workmen's compensation insurance for Miles. The district court then denied Tennessee River's motion for judgment n.o.v. or, alternatively, for a new trial. We agree.

An implied contract must contain all the

---

2. *Federal Kemper Life Assurance Co. v. First Nat'l Bank,* 712 F.2d 459, 464 (11th Cir.1983).

3. *Neff v. Kehoe,* 708 F.2d 639, 641 (11th Cir. 1983).

4. This court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

5. *Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969). *See also Kaye v. Pawnee Constr. Co.,* 680 F.2d 1360, 1364 (11th Cir.1982).

6. Ala.Code § 6–5–102 (1975).

7. *Crowder v. Memory Hill Gardens, Inc.,* 516 So.2d 602, 604–05 (Ala.1987).

8. *Boeing Co.,* 411 F.2d at 374–75.

9. Tennessee River also argues that the district court erred in allowing an award of $75,000 in punitive damages. Because we have determined that the district court erred in denying Tennessee River's motions for directed verdict and for judgment n.o.v., we find this issue moot.

elements of an express contract[10] and it arises only where there are circumstances which show a mutual intent to contract.[11] After a careful review of the entire record, and in view of the parties' arguments presented on appeal, we find that there was substantial evidence of an implied contract between Tennessee River and Miles to support the jury's findings on this issue.

■ A party cannot recover under an implied contract theory where an enforceable express contract exists between the parties regarding the same subject matter.[12] Tennessee River argues that the express agreement between Miles and Tennessee River precludes Miles from recovering under an implied contract. We disagree. The record reveals no express contract on the specific subject of Tennessee River obtaining workmen's compensation insurance coverage for Miles. Hence, the existence of an implied contract as to this subject matter is not precluded.

### C. *Scope of Employment*

■ The district court ruled Tennessee River waived its defense that Miles was injured outside the course and scope of his employment by failing to assert the defense in the pretrial order. Accordingly, the district court refused to allow Tennessee River to introduce testimony on this issue. We agree.

The purpose of the pretrial order is to narrowly outline the existing issues. Further, the pretrial order "shall control the subsequent course of the action" and "shall be modified only to prevent manifest injustice."[13] Tennessee River has given us no grounds to disturb the district court's ruling.

### *Conclusion*

In view of the foregoing, we hold that the district court properly denied Tennes-

see River's motions for directed verdict and for judgment n.o.v. on the implied contract issue. We also hold that the district court properly refused to allow Tennessee River to present evidence relating to a defense not asserted in the pretrial order. However, we hold that the district court erred in denying Tennessee River's motions for directed verdict and for judgment n.o.v. on the issue of fraudulent suppression of a material fact. Accordingly, we remand to the district court for such further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

---

**10.** The requisite elements of an express contract are agreement, consideration, two or more contracting parties, legal object, and capacity. *Lawler Mobile Homes, Inc. v. Tarver,* 492 So.2d 297, 303 (Ala.1986).

**11.** *Broyles v. Brown Eng'g Co.,* 275 Ala. 35, 151 So.2d 767, 770 (1963).

**12.** *Humphrey v. Boschung,* 47 Ala.App. 310, 253 So.2d 760, 764 (1970), *aff'd,* 287 Ala. 600, 253 So.2d 769 (1971).

**13.** Fed.R.Civ.P. 16(e) (Supp. IV 1986); *see Allen v. United States Steel Corp.,* 665 F.2d 689, 696 (5th Cir.1982).