928 F.2d 373
 UNITED STATES of America, Plaintiff-Appellant,
v.
REAL PROPERTY & IMPROVEMENTS LOCATED AT 5000 PALMETTO DRIVE,
FORT PIERCE, ST. LUCIE COUNTY, FLORIDA, Defendant,
Clara L. Lansky, Claimant-Appellee.
 No. 90-5220
 Non-Argument Calendar.
United States Court of Appeals,
 Eleventh Circuit.
April 11, 1991.
 
 Robert K. Senior, Sp. Asst. U.S. Atty., Linda Collins-Hertz, Mayra Reyler Lichter, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellant.
 Neal Randolph Lewis, Miami, Fla., for claimant-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before KRAVITCH, CLARK and EDMONDSON, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 This is an action involving civil forfeiture of real property pursuant to 21 U.S.C. Sec. 881(a)(7). Appellant United States appeals from the district court's entry of judgment in favor of Claimant Clara Lansky, releasing all liens and encumbrances placed upon the property. The government argues that claimant does not have standing to challenge the seizure of property and, even if she has standing, she does not qualify as an "innocent owner" of the property. We affirm.
 
 
 2
 Review of the district court's findings of fact is subject to the clearly erroneous standard. American National Bank v. Federal Deposit Insurance Corp., 710 F.2d 1528, 1533-34 (11th Cir.1983).
 
 
 3
 James Hicks, son of Clara Lansky, was indicted and convicted of nine counts of conspiracy, possession, and distribution of cocaine. Based on testimony at Hicks trial and on additional testimony of FBI Special Agent John Gisler at the civil proceeding which is the subject of this appeal, the defendant property was arrested pursuant to a seizure warrant on June 9, 1988. Judge Zloch, in making findings of fact, determined that from 1986 through February 1987, Hicks used the defendant property to facilitate possession and distribution of cocaine.
 
 
 4
 The district court found that appellee Lansky, the record titleholder of the seized property, had standing to contest the property forfeiture. Standing is a threshold legal issue and, as such, is subject to de novo review. United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1544 (11th Cir.1987). The claimant bears the burden of establishing standing. United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir.1984).
 
 
 5
 Although, as the government correctly notes, possession of bare legal title by one who does not exercise dominion and control over the property is insufficient to establish standing to challenge a forfeiture, United States v. A Single Family Residence, 803 F.2d 625, 630 (11th Cir.1986), we find that on the basis of the testimony presented and the district court's findings of fact, appellant had standing to challenge the forfeiture.
 
 
 6
 Lansky testified that she and her son entered an agreement whereby she allowed him to live on the property rent free until she retired. This arrangement would continue so long as he paid the bills and did not do anything illegal on the premises. Lansky visited the property on a regular basis to clean the residence. The district court, at 10, found that Lansky expressly prohibited any illegal use of her property. As to Lansky's ownership of the property, Lansky executed the contract for purchase of the house on December 11, 1978. A warranty deed was issued in her name. Although it is suspicious that the property was purchased with $50,000 cash, testimony was presented by various witnesses that the money came from a lawsuit settlement involving Lansky's daughter, Charlene Hicks. While we share the government's concern that no documentary evidence reflected this cash source, testimony was presented by family and non-family members that Charlene Hicks recovered a cash settlement from a motorcycle accident. Obviously, the district court is in the better position to consider the credibility of these witnesses. And, having noted that "[f]ailure to document the origin of the money used to purchase the Defendant property can result in the claimant's failure to demonstrate standing," District Court Judgment, at 6, the court concluded that Lansky had standing to contest the forfeiture. We are not inclined to disturb this decision on review.
 
 
 7
 Appellant next argues that the district court erroneously concluded that Claimant Lansky proved by a preponderance of the evidence that she was an "innocent owner" for purposes of 21 U.S.C. Sec. 881(a)(7), which provides that "no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without knowledge or consent of that owner." Application of the innocent owner defense turns on the claimant's actual, rather than constructive, knowledge. United States v. Four Million, Two Hundred Fifty-Five Thousand, 762 F.2d 895, 906 (11th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986) (interpreting innocent owner exception to forfeiture of money, negotiable instruments, and securities under section 881(a)(7)). Determination of an innocent owner claim may be reversed only if clearly erroneous. United States v. One Single Family Residence, 894 F.2d 1511, 1513 (11th Cir.1990).
 
 
 8
 In reaching its conclusion, the district court gave credibility to Claimant Lansky's repeated denial of any knowledge of Hicks' illegal transactions on the property. The court found that Lansky had expressly prohibited any illegal use of her property and did not give her consent to its occurrence. In addition, as appellee notes, the F.B.I. agent in charge of the investigation acknowledged that no contraband was ever seen on the property, that no purchase or sale of illegal substances was observed, that no search warrant was ever executed on the premises, and that no dogs were ever called in to sniff for drugs. The district court noted that evidence of drug use and sale on the premises was based on the immunized testimony of Robert Nelson, who purchased drugs from James Hicks, and on informants who spoke to Gisler, the FBI Special Agent. It is simply unknown how obvious drug activity was on the premises. For these reasons, we hold that the district court's determination that claimant was an innocent owner was not clearly erroneous.
 
 
 9
 The judgment of the district court is AFFIRMED.