**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE AT 298 N.W. 45TH STREET, BOCA RATON, FLORIDA, together with all appurtenances thereto and all improvements thereon, Defendant.**

**Virginia Boschian, Claimant.**

**No. 90–8029–CIV.**

United States District Court, S.D. Florida, N.D.

April 6, 1992.

Laurie E. Rucoba, Asst. U.S. Atty., Fort Lauderdale, Fla., for plaintiff.

Kenneth D. Stern, Kenneth D. Stern, P.A., Boca Raton, Fla., for claimant.

### AMENDED ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Claimant, Virginia Boschian's, ore tenus Motion to Admit Polygraph Examination, made in open Court on February 25, 1992, and upon Plaintiff, United States of America's, Motion For Directed Verdict as to the issue of standing and alternatively, as to the issue of relation back, made in open court on February 27, 1992. In ruling on said Motions, the Court has carefully considered the entire record and all testimony.

The Court commenced a jury trial on February 20, 1992 relating to the above-styled cause. The United States of America instituted this action seeking forfeiture of a certain piece of real property on the grounds that said real property was purchased with monies or proceeds derived from narcotic transactions, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 881(a)(6). Alternatively, Plaintiff, United States of America, seeks forfeiture of Defendant real property on the basis that Defendant real property was used or intended to be used to commit or facilitate the sale of narcotics in violation of 21 U.S.C. § 881(a)(7).

### I. POLYGRAPH EXAMINATION

This Court notes that the admission of polygraph examinations into evidence is governed by *United States of America v. Piccinonna*, 885 F.2d 1529 (11th Cir.1989). The Eleventh Circuit, in *Piccinonna*, set forth two specific situations in which polygraph examinations are admissible, thereby overruling the long-standing per se rule denying the admissibility of polygraph examinations.

■ The Eleventh Circuit's first rule governing admissibility of polygraph evidence applies "when both parties stipulate in advance as to the circumstances of the test and as to the scope of its admissibility." *Id.* at 1536. The stipulation as to the circumstances requires the parties to agree on material matters, which includes the manner in which the test is conducted, the nature of the questions posed, and the identity of the examiner. The stipulation as to the scope of admissibility must reveal the purpose or purposes for which the evidence will be introduced.

■ The second situation in which polygraph evidence may be admissible is for impeachment or corroboration purposes. Admissibility, however, for these purposes

are subject to three preconditions. First, the party seeking to use the evidence must provide adequate notice to the opposing party of its intention to offer such evidence. Second, the opposing party must be afforded reasonable opportunity to have its own examiner administer a polygraph test. Finally, the administrator's testimony will be governed by the Federal Rules of Evidence for the admissibility of corroboration or impeachment testimony. The Eleventh Circuit, in *Piccinonna* cites the following as an example: "[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." *Id.* at 1536; *see also* Fed.R.Evid. 608.

■ This Court notes that neither of the two limited situations where polygraph evidence may be admissible applies to the case at bar. As to the first situation, the parties *did not* stipulate in advance as to the circumstances of the test *or* the scope of its admissibility. There was no testimony offered which revealed that the parties agreed to the manner in which the test was administered, the substance of the questions asked, or the identity of the examiner. Furthermore, there was no stipulation as to the scope of admissibility which would indicate the purpose or purposes for the introduction of the examination results.

■ The Claimant has also failed to satisfy the preliminary requisites for admissibility for impeachment or corroboration purposes. The Claimant failed to provide adequate notice to the Government of her intention to offer the evidence. Moreover, the Federal Rules of Evidence do not permit bolstering or rehabilitative testimony unless and until the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. In this case, neither of the witnesses' character for truthfulness was assailed by the means authorized by the Federal Rules of Evidence which permit corroboration testimony.

■ The Court notes that as the issue of admissibility of the polygraph examinations unfolded, it became apparent to the Court that the Claimant solely sought to admit the hard-copy of the polygraph examinations. As such, Claimant failed to properly lay the foundation required for expert testimony pursuant to Fed.R.Evid. 702. There was no proffer to the Court relating to the polygraph examiner's qualifications or the procedures and circumstances surrounding the administration of the examinations. This information is relevant to the determination of admissibility of expert testimony and provided a further basis for the denial of Claimant's Motion to admit polygraph test results in the above-styled cause.

## II. DIRECTED VERDICT

The Court conducted a five-day jury trial of the above-styled cause commencing on February 20, 1992. The Government seeks forfeiture of the real property in question and the residence located thereon pursuant to 21 U.S.C. § 881(a)(6) in that the Defendant real property was purchased with monies or proceeds traceable to an exchange of a controlled substance in violation of Title 21, to-wit: sales of cocaine, being a Schedule II controlled substance as defined in 21 U.S.C. § 841(a)(1). In the alternative, the Government seeks forfeiture of the real property in question and the residence located thereon pursuant to 21 U.S.C. § 881(a)(7) in that the Defendant real property was used or intended to be used to commit, or to facilitate the commission of, a violation of Title 21, to-wit: sales of cocaine.

■ The Government has the initial burden of demonstrating probable cause to believe a substantial connection exists between the property to be forfeited and the relevant criminal activity. *United States v. Real Property And Residence at 3797 S.W. 111th Avenue, Miami, Florida,* 921 F.2d 1551, 1554–55 (11th Cir.1991). Such probable cause has been defined as a reasonable ground for belief of guilt supported by less than prima facie proof but more than suspicion. *United States v. Property And Greene & Tuscaloosa Counties,* 941 F.2d 1428 (11th Cir.1991); *United States v. One 1975 F–100 Pick–Up*

*Truck,* 558 F.2d 755, 756 (5th Cir.1977). Once the Government establishes probable cause, the burden shifts to the Claimant either to rebut the Government's evidence or to demonstrate that she was an "innocent owner" by a preponderance of the evidence. *United States v. A Single Family Residence,* 803 F.2d 625, 629 (11th Cir. 1986); *United States v. One Single Family Residence,* 731 F.Supp. 1563, 1565, n. 4 (S.D.Fla.1990).

The Court notes that the Eleventh Circuit Court of Appeals has, on occasion, held that the property to be forfeited have a "sufficient nexus" to the drug transaction to support forfeiture. *United States v. Real Property And Residence,* 921 F.2d at 1556. This different language has yet to be resolved by the Eleventh Circuit Court of Appeals.

However, based on the testimony and evidence adduced by the Government at the "probable cause" stage of the proceeding, whether we apply a "substantial connection" standard or a "sufficient nexus" standard, the connection between the Defendant real property in this case and the relevant drug transactions is sufficient to support a forfeiture of the property under either 21 U.S.C. § 881(a)(6) and/or § 881(a)(7).

After the Claimant had presented all of her testimony and evidence and had rested, the Plaintiff, United States of America, moved for a Directed Verdict pursuant to Fed.R.Civ.P. 50(a). The grounds for Plaintiff's motion are (1) Claimant failed to demonstrate proper standing to contest forfeiture action against the Defendant real property and alternatively (2) the "relation back" provision set forth in 21 U.S.C. § 881(h), as amended (1984), forecloses Claimant's right, title and interest in the Defendant real property.

■ In addressing the Plaintiff's Motion For Directed Verdict, this Court considers all the evidence and the inferences drawn therefrom in the light most favorable to the non-moving party. If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the Motion For Directed Verdict should be granted. Conversely, if there is substantial evidence opposed to the Motion such that reasonable people, in the exercise of impartial judgment, might reach different conclusions, then such a motion must be denied. *Miles v. Tennessee River Pulp and Paper Co.,* 862 F.2d 1525 (11th Cir. 1989). A mere scintilla of evidence does not create a jury question. Rather, there must be a substantial conflict in the evidence to create a jury question. *Miles,* 862 F.2d at 1527–1528.

## A. Standing

■ To contest a forfeiture action, an individual must first demonstrate an interest in the seized property sufficient to satisfy the Court of his/her standing as a claimant. *United States v. $364,960.00 in U.S. Currency,* 661 F.2d 319, 326 (5th Cir. 1981); *United States v. $500,000, et al.,* 730 F.2d 1437, 1439 (11th Cir.1984); *United States v. $280,505.,* 655 F.Supp. 1487, 1495 (S.D.Fla.1986). The claimant bears the burden of establishing standing as a threshold matter. *United States v. Real Property & Improvements Located at 5000 Palmetto Drive, Fort Pierce, St. Lucie County, Florida,* 928 F.2d 373, 376 (11th Cir.1991); *United States v. $500,000,* 730 F.2d at 1439. In the case at bar, Claimant has failed to meet her burden.

■ To demonstrate standing, the claimant must assert an ownership or possessory interest in the property seized. *Id.* at 1439. In determining ownership, the claimant must exercise possession of the res, with its attendant characteristics of dominion and control. *United States v. All That Tract and Parcel of Land: 2306 North Eiffel Court,* 602 F.Supp. 307 (N.D.Ga.1985). In assessing standing, courts generally look to indicia of dominion and control, including possession, title, and financial stake. *Id.* at n. 8.

The Eleventh Circuit holds that "possession of bare legal title by one who does not exercise dominion and control over the property is insufficient to establish standing to challenge a forfeiture." *United*

*States v. Real Property at 5000 Palmetto Drive*, 928 F.2d at 376; *United States v. A Single Family Residence*, 803 F.2d 625, 630 (11th Cir.1986). The uncontroverted evidence presented at trial of the above-styled cause leads this Court to conclude by a preponderance of the evidence that Claimant merely retained bare legal title to the Defendant real property, without demonstrating dominion and control over the premises.

█ The facts revealed that Peter Boschian, Claimant's son, and James Wark purchased Defendant real property. Mr. Boschian testified that said purchase was made initially for investment purposes, but the property later served as an instrument to facilitate his business transactions which exclusively involved the sale of narcotics. Mr. Boschian stated that he placed the title in Virginia Boschian's name for money laundering purposes, to avoid raising the ire or suspicions of law enforcement as he had no legitimate source of income from which to justify the expenditure. Mr. Boschian testified that he put the property in his mother's name to "manipulate" her and the system; a ruse this Court will not sanction.

The undisputed testimony indicated that Mr. Boschian and Mr. Wark had free access to the premises. They each had keys to the property and came and went as they pleased. They brought guests over, whom they entertained, as well as business associates for the purpose of conducting and negotiating drug sales. Quite simply, it is they who exercised dominion and control over Defendant real property.

The fact that Virginia Boschian resided at the premises was simply the result of Mr. Boschian and Mr. Wark's altruism, and more likely, their intent to "manipulate" the system. Mr. Boschian candidly revealed that it was his intent to allow his mother to live out her life at the Defendant real property. Such candor, however, indicates that he was the true owner of the property, who allowed the Claimant to reside there. If the Claimant was the real owner, Mr. Boschian's intent would be irrelevant. Simply put, the Claimant lived at the premises at her peril, subject to the discretion and whim of her son. Here, based on the testimony and evidence presented, the Court finds by a preponderance of the evidence that the Claimant "title holder is only a nominal owner," and thus, has no right to contest the forfeiture. *See also United States v. $280,505*, 655 F.Supp. at 1495.

Another factor which this Court considered in determining Claimant's standing was the source of the finances used to purchase the property. While "failure to document the origin of the money used to purchase the defendant property can result in the claimant's failure to demonstrate standing ...," in this case there was no doubt where the finances originated. *United States v. Real Property at 5000 Palmetto Drive*, 928 F.2d at 375. The undisputed testimony was that the monies used to purchase the Defendant real property were derived exclusively from the sale of narcotics. Claimant contributed no money toward the purchase of the property. Accordingly, the fact that claimant had no financial stake in Defendant real property was a factor in determining Claimant's lack of standing. *United States v. Real Property at 5000 Palmetto Drive*, 928 F.2d at 375; *United States v. $280,505*, 655 F.Supp. at 1495; *United States v. One (1) 1983 Homemade Vessel Named Barracuda*, 625 F.Supp. 893, 896 (S.D.Fla.1986).

### B. Relation Back

█ In the alternative, Plaintiff, United States of America, moved for Directed Verdict based on the relation back doctrine set forth in 21 U.S.C. § 881(h). Plaintiff argues that the monies used to purchase Defendant real property were ill-gotten proceeds derived from the sale of narcotics. As such, the real property is forfeitable pursuant to 21 U.S.C. § 881(a)(6). The Government contends that upon Mr. Boschian and Mr. Wark's consummation of drug sales, from which the monies were used to purchase Defendant real property, title vested immediately in the United States. This Court agrees with Plaintiff's position.

21 U.S.C. § 881(h) provides in pertinent part:

All right, title and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.

21 U.S.C. § 881(a)(6) authorizes the forfeiture of proceeds traceable to the sale of a controlled substance. Consequently, Defendant real property became forfeitable immediately upon the sale of narcotics, thereby divesting Mr. Boschian and Mr. Wark of any interest or right to the proceeds which are traced to Defendant real property.

The Eleventh Circuit, in *U.S. v. One Single Family Residence*, stated in dictum that a drug trafficker cannot avoid the reach of forfeiture simply by placing drug proceeds in another's name. *U.S. v. One Single Family Residence*, 894 F.2d 1511, n. 10 (11th Cir.1990). In that case, the Eleventh Circuit held that when a married couple holds property as tenants by the entireties, and one spouse subsequently engages in nefarious conduct that would ordinarily invoke governmental forfeiture, the Government may not seize the property if the spouse neither participated nor knew of the other spouse's illicit actions. This holding is premised upon the principle of Florida property law whereby tenants by the entireties have the right to title, possession and enjoyment of the whole property. *Id.* at 1519.

However, the facts of this case are distinguishable. Here, the Government's interest in Defendant real property vested immediately upon the commission of the sale of drugs, which occurred *prior* to the purchase of the property. Mr. Boschian candidly revealed that the money he gave the Claimant was derived from the sale of narcotics and that he manipulated his mother by placing the property in her name to avoid detection by law enforcement.

The Eleventh Circuit states that the forfeiture laws were designed to prevent such duplicity by stating:

[A] drug trafficker may not hide property otherwise subject to forfeiture by putting it in the name of himself/herself and his/her unwitting spouse. *The property becomes subject to forfeiture upon the commission of the crime and title vests immediately in the United States*, so the trafficker has nothing to transfer to the innocent spouse. Similarly, if a drug trafficker made a sale of drugs and used the proceeds, which would be forfeitable under section 881(a)(6), to purchase a piece of real estate, to which s/he and his/her spouse took title in the entireties, since the proceeds became forfeitable immediately upon the sale of drugs and title to the money vested in the government, *exchanging the money for property would not create a protected entireties estate. The trafficker ceased to hold title to the money before the property was purchased and could not divest the government of its interest by a subsequent exchange.*

*Id.* at n. 10 (emphasis added). The facts of the case at bar are analogous. Here, Mr. Boschian and Mr. Wark admittedly sold drugs and used the proceeds to purchase Defendant real property, putting said property in Claimant's name.

The relation back doctrine, codified at 21 U.S.C. § 881(h), however, does not give the government carte blanche, unfettered authority to automatically forfeit all properties that were once purchased with drug monies. Such an expansive interpretation would be in contravention of Congress' explicit intent to provide an innocent owner defense. See 21 U.S.C. §§ 881(a)(6) and (7). This Court agrees with the Sixth Circuit's holding which clearly states "that one who claims to be a subsequent bona fide purchaser for value and without notice has standing to assert the innocent owner defense...." *United States v. One Mercedes Benz 380 SL*, 951 F.2d 350 (6th Cir. 1991).

This Court recognizes that a bona fide purchaser of seized property may have standing to protest its forfeiture. *United States v. $500,000*, 730 F.2d at 1439. According to the Uniform Commercial Code, to qualify as a bona fide purchaser, there needs to be an exchange for value. *See* U.C.C. § 1–201(44). The U.C.C. defines value broadly, therefore, almost any pur-

chaser will give value, with the notable exception of a donee. 3 J.J. White and Robert S. Summers, Uniform Commercial Code: Hornbook Series, § 11 (3rd ed. 1988). Notwithstanding the requisite minimal showing incumbent upon the Claimant to constitute a bona fide purchaser, the facts of the case at bar reveal that Claimant, at best, was nothing more than a donee.

Claimant admitted that she paid no money for the purchase of the property and that she received all of the money from her son. Claimant stated that she considered her son's contribution a loan, requiring her repayment. Other testimony was inconsistent with Claimant's contention that the money was a loan. Mr. Wark testified that the property was purchased to provide a refuge for drug-dealing and Mr. Boschian testified that he initially made the purchase as an investment, but that the property later proved useful for their narcotics business.

Claimant revealed that no terms of the loan were discussed or agreed upon and no payment schedule was devised. Moreover, as of the date of her testimony, Claimant had not repaid any money on the "loan" and did not know how, or if, she ever would be able to do so. After reviewing all testimony and evaluating the demeanor and credibility of all witnesses, this Court finds by a preponderance of the evidence that there was no loan. Claimant did not exchange any value in return for receiving record title to Defendant real property. Hence, Claimant was not a bona fide purchaser for value and is not entitled to contest this forfeiture action.

The Court finds the Government has established, by unrefuted testimony and evidence, probable cause to believe that a substantial connection exists between the Defendant real property and the residence located thereon. Consequently, Plaintiff, United States, is entitled to have a Final Judgment of Forfeiture issued.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED as follows:

(1) Claimant, Virginia Boschian's, ore tenus Motion to Admit Polygraph Examination, made in open Court on February 25, 1992, be and the same is hereby DENIED.

(2) Plaintiff, United States of America's, ore tenus Motion For Directed Verdict made in open court on February 27, 1992, be and the same is hereby GRANTED for the reasons more specifically set forth above; and

(3) United States Government shall forward within seven (7) calendar days from receipt of this Order a proposed Final Judgment of Forfeiture directly to Chambers of the undersigned consistent with the provisions of this Order.

DONE AND ORDERED.