**UNITED STATES of America,**

**v.**

**The NEW SILVER PALACE RESTAU-RANT, INC., D.B.A. Grand Palace Restaurant, All Fixtures, Inventory, Assets and Appurtenances Belonging Thereto.**

**No. CV–89–3468.**

United States District Court,
E.D. New York.

Nov. 25, 1992.

On October 19, 1989, the *in rem* defendants were arrested pursuant to a seizure warrant. Thereupon, twenty-six shareholders of New Silver Palace filed timely notices of claim.[1] On December 28, 1989, the parties stipulated to an interlocutory sale of the *in rem* defendants, and for those proceeds to be deposited in an interest-bearing account pending final determination of this action. Plaintiff now moves for judgment on the pleadings for an order of this Court dismissing the shareholders' notices of claim for lack of subject matter jurisdiction on the ground that the shareholders lack standing to challenge this forfeiture action. For the following reasons, the government's motion is granted.

Jody Kasten, Asst. U.S. Atty., Brooklyn, NY, for plaintiff.

Gerald M. LaBush, Gotlin & Jaffe, New York City, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

On October 18, 1989, the government commenced this *in rem* action against The New Silver Palace Restaurant, Inc. ("New Silver Palace"), seeking forfeiture of the Grand Palace Restaurant and the fixtures, inventory, assets and appurtenances of the restaurant (collectively *"in rem* defendants") under 21 U.S.C. § 881(a)(6) and (a)(7) and 18 U.S.C. § 981(a)(1)(A). The complaint alleges that the restaurant was used to facilitate drug transactions; that the restaurant represents drug proceeds; and that the restaurant's manager, Foo Wing Yam, attempted to launder drug proceeds, and was involved in a money laundering scheme, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (a)(1)(B)(ii).

### DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Fed. R.Civ.P. 12(c). Federal Rule of Civil Procedure Rule 12(b)(1) provides that a complaint may be dismissed upon motion for "lack of jurisdiction over the subject matter" of the action. A motion to dismiss for lack of subject matter jurisdiction can certainly be raised via a Rule 12(c) motion. 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 515 (1990). In deciding a motion under Rule 12(c), the court should apply the same standard as that applicable to a motion under Rule 12(b)(1). *Id.* at 515–16; *cf. Ad–Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987) (citing treatise and applying same standard to Rule 12(c) motion for failure to state a claim as standard applicable to Rule 12(b)(6) motion); *Madonna v. United States,* 878 F.2d 62, 65 (2d Cir.1989) (same). In this case, the shareholders' notices of

1. The corporation and its shareholders initially filed a single notice of claim on October 27, 1992, which was only signed by the corporation's counsel. On November 1, 1989, the government objected to the form of that notice for failure to comply with Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Proceedings. On November 6, 1989, the claimants filed an amended notice of claim which, in accordance with Rule C(6), was signed by the twenty-six shareholders who assert an innocent owner defense. The only remaining shareholder, Foo Wing Yam, the restaurant manager accused of wrongdoing, did not file a notice of claim. To date, the claimants have filed answers and counterclaims.

claim are dismissed because this Court lacks subject matter jurisdiction over their claims.

█ A claimant who challenges the government's forfeiture of money or property under a federal statute "must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 326 (5th Cir.1981). If the claimant cannot show a "sufficient interest in the property to give him Article III standing ... there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1543 (11th Cir.1987) (citations omitted); *see also United States v. Property at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1262 (2d Cir.1989) (citing *id.*), *reh'g denied*, 897 F.2d 659 (2d Cir.1990). It is the claimant who bears the burden of demonstrating standing. *United States v. Real Property & Improvements Located at 5000 Palmetto Drive*, 928 F.2d 373, 375 (11th Cir.1991); *Mercado v. U.S. Customs Service*, 873 F.2d 641, 644 (2d Cir.1989).

█ The statutes under which the government seeks to forfeit the *in rem* defendants contain an "innocent owner" defense. Section 981(a)(2) of Title 18 provides:

> No property shall be forfeited under [§ 981(a)(1)] to the extent of the interest of an *owner or lienholder* by reason of any act or omission established by that *owner or lienholder* to have been committed without the knowledge of that *owner or lienholder.*

18 U.S.C. § 981(a)(2) (emphasis added). Similarly, the innocent owner defense provisions of sections 881(a)(6) and (a)(7) contain the following language:

> except that no property shall be forfeited under [ ] paragraph [ (a)(6) and (a)(7) ], to the extent of an interest of an *owner*, by reason of any act or omission established by that *owner* to have been committed or omitted without the knowledge or consent of that *owner.*

21 U.S.C. § 881(a)(6) and (a)(7) (emphasis added).

In order to have standing to challenge the forfeiture of the restaurant and to assert an innocent owner defense, the shareholders must be considered owners (or lienholders with respect to the § 981 forfeiture) of the *in rem* defendants. Since the shareholder claimants are neither owners nor lienholders with respect to corporate assets, they have no standing in this forfeiture proceeding.[2] The Second Circuit has recognized that "shareholders do not hold legal title to any of the corporation's assets. Instead, the corporation—the entity itself—is vested with the title." *United States v. Wallach*, 935 F.2d 445, 462 (2d Cir.1991) (citing 5A *Fletcher Cyclopedia of the Law of Private Corporations* § 2213, at 323 (Perm. ed. 1990)); *Boise Cascade Corp. v. Wheeler*, 419 F.Supp. 98, 101–02 (S.D.N.Y.1976) (stock ownership does not "transfer title to corporate property" and does not equal ownership of corporate assets), *aff'd*, 556 F.2d 554 (2d Cir.1977). Likewise, it is axiomatic that shareholders have an equity interest in the corporation,

---

**2.** The government argues that a claimant must possess property before it can have standing to intervene in a forfeiture action. However, this argument is meritless. First, the cases cited by the government do not support this proposition. Those cases simply hold that possession may be an alternative ground to create standing, *see, e.g., United States v. 38,000.00 in United States Currency*, 816 F.2d 1538, 1544 (11th Cir.1987) (possession can confer standing where claimant does not own the property); *United States v. One 1982 Porsche 928*, 732 F.Supp. 447, 451 (S.D.N.Y.1990) (possession or ownership can confer standing), and that possession will not confer standing in all instances, *see, e.g., Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d

Cir.1989) (claim of possession without knowledge of contents is insufficient to confer standing).

Furthermore, in *United States v. One 1945 Douglas C–54 (DC–4) Aircraft, Serial Number 22186*, 647 F.2d 864 (8th Cir.1981), *cert. denied sub nom. Stumpff v. United States*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982), the court stated that one needs ownership to challenge a forfeiture, which "could be evidenced in a number of ways *including showings of actual possession, control, title, and financial stake.*" *Id.* at 866 (emphasis supplied). Thus, contrary to the government's assertion, possession is not a necessary factor; it is only one of many possible grounds for standing.

but do not possess a lien against corporate assets. 14 *N.Y.Jur.2d* § 573 (1981); *Cass v. Realty Secur. Co.*, 148 A.D. 96, 100–101, 132 N.Y.S. 1074, 1078 (1st Dep't 1911), *aff'd*, 206 N.Y. 649, 99 N.E. 1105 (1912). Therefore, since shareholders are not legal owners or lienholders of the corporation's assets, they lack standing to intervene to claim the sales proceeds of the *in rem* defendants.

The shareholder claimants contend that they have standing because the right to intervene in a forfeiture proceeding "extends to any person or party having a legally recognized interest in the [seized item], whether he is owner or lienholder, and *whether that interest is legal or equitable in nature.*" *United States v. One 1961 Cadillac Hardtop Automobile*, 207 F.Supp. 693, 698 (E.D.Tenn.1962) (emphasis supplied), *cited as parenthetical in United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 326 (5th Cir.1981).

While *One 1961 Cadillac* addressed a lienholder's challenge to a forfeiture under 49 U.S.C. § 782 of an automobile used to transport narcotics, *id.* at 694, 698, the legislative history of 21 U.S.C. § 881(a)(6) evidences similar congressional intent. "The term owner should be broadly interpreted to include any person with a *recognizable legal or equitable interest* in the property seized." Joint Explanatory Statement of Titles II and III, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.C.C.A.N. 9518, 9522 (explaining § 881(a)(6)) (emphasis supplied). Similarly, section 881(a)(7) "would also include an 'innocent owner' exception like that now included in those provisions permitting the civil forfeiture of certain vehicles and moneys or securities." S.Rep. No. 225, 98th Cong., 2d Sess. 215 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3398.

An equitable owner is

"[o]ne who is recognized in equity as the owner of property, because the real and beneficial use and title belong to him, although the bare legal title is vested in another, *e.g.*, a trustee for his benefit. One who has a present title in land which will ripen into legal ownership upon the performance of conditions subsequent. There may therefore be two 'owners' in respect of the same property, one the nominal or legal owner, the other the beneficial or equitable owner."

Black's Law Dictionary 1105 (6th ed. 1990). Since the legal owner and the equitable owner may represent differing interests, both may file a notice of claim to the seized property.

In contrast, while shareholders hold equitable title to corporate assets, *Wallach*, 935 F.2d at 462 ("the stockholders ... are the ultimate or equitable owners of the assets") (citing *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 323, 486 N.Y.S.2d 877, 884, 476 N.E.2d 276, 283 (1984)), they may not file a notice of claim. A shareholder may only recover decreases in stock value attributable to mismanagement or the loss of corporate assets if the corporation brings a direct action against the wrongdoer or if the shareholder brings a derivative action on behalf of the corporation. *Vincel v. White Motor Corp.*, 521 F.2d 1113, 1118 (2d Cir.1975) (citing *Niles v. New York Cent. & H.R. R.R.*, 176 N.Y. 119, 68 N.E. 142 (1903)).[3] Where the corporation brings a direct action, then the shareholder is precluded from bringing a derivative action. *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 315 (6th Cir.1987) (shareholder derivative suit only available where "the corporation fails to act"). In this case, New Silver Palace filed a notice of claim to the *in rem* defendants; therefore, the shareholders cannot maintain a derivative claim on behalf of the corporation, and their notices of claim must be dismissed.

---

**3.** The shareholder claimants seek to fit within the narrow exception to this rule where a shareholder or group of shareholders "'suffers an injury separate and distinct from that suffered by other shareholders' or the corporation as an entity." *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 315 (6th Cir.1987) (quoting *Twohy v.*

*First Nat'l Bank*, 758 F.2d 1185, 1194 (7th Cir. 1985)). However, as the government correctly points out, the shareholder claimants fail to identify any "separate and distinct" injury which would prevent the dismissal of their notices of claim.

Furthermore, there is a more fundamental reason why shareholders, as equitable owners, may not challenge the forfeiture of the corporation's assets. In the forfeiture context, it is settled law that "possession of bare legal title by one who does not exercise dominion and control over the property is insufficient to establish standing to challenge a forfeiture." *United States v. Real Property & Improvements Located at 5000 Palmetto Drive*, 928 F.2d 373, 375 (11th Cir.1991) (citing *United States v. A Single Family Residence and Real Property Located at 900 Rio Vista Blvd.*, 803 F.2d 625, 630 (11th Cir.1986)); *United States v. One 1945 Douglas (DC–4) Aircraft, Serial Number 22186*, 604 F.2d 27, 28–29 (8th Cir.1979), *appeal after remand*, 647 F.2d 864 (8th Cir.1981), *cert. denied sub nom. Stumpff v. United States*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982).

This rule precludes subterfuge by those dealing in drugs from creating a "strawman" to hold legal title, who could then assert an innocent owner defense, which would defeat the statutory purposes of forfeiture of property used in the commission of drug offenses or derived from drug proceeds. *A Single Family Residence*, 803 F.2d at 630 (citing *United States v. One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. 290, 294–95 (S.D.Fla.1985)). Likewise, drug dealers could set up a corporation and sell stock to innocent shareholders or to those acting in concert, who could then assert an innocent owner defense in any pending forfeiture proceeding. Thus, if the nominal holder of legal title does not have standing to challenge a forfeiture of assets, a shareholder possessing only equitable ownership of the corporation's assets, but who cannot exercise "dominion and control" over the daily affairs of the corporation, also lacks standing to intervene in a forfeiture proceeding.[4]

■ In addition, the shareholder claimants argue that the government is barred by laches from moving to dismiss the shareholders' notices of claim after its initial challenge to their notices of claim under the Supplemental Rules was corrected and they have answered the complaint and filed counterclaims. However, laches is not available against the United States. *United States v. RePass*, 688 F.2d 154, 158 (2d Cir.1982) (citing *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940)). Furthermore, a party asserting the defense of laches must show (1) lack of diligence by the other party and (2) prejudice. *Southside Fair Hous. Comm.*, 928 F.2d 1336, 1354 (2d Cir. 1991) (citing *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961)). Here, it cannot be gainsaid that the government was diligent in moving for dismissal of the shareholders' notices of claim. Whether shareholders lack standing to file a notice of claim in a forfeiture proceeding involving corporate assets is a novel issue that has yet to be addressed by any court.[5] The government, cognizant of Fed.R.Civ.P. 11, properly moved to dismiss the shareholders' notices of claim three-and-one-half months after the amended notices of claim were filed.[6]

---

**4.** The shareholder claimants also argue that the government seeks to forfeit their shares of New Silver Palace stock, yielding the requisite standing. However, this argument is without merit since the government clearly does not seek to forfeit shares of New Silver Palace stock because the *in rem* defendants do not include its capital stock.

**5.** In only one unreported case has a shareholder filed a notice of claim in a forfeiture proceeding. In *United States v. A Deluxe Single Family Residence and Improved Lot, Complete with Stables Located at 17925 Southwest 224th Street, Miami, Florida*, No. 86–204–Civ, 1988 WL 168560 (S.D.Fla. June 30, 1988), the court upheld the government's forfeiture of a residence, the title to which was held by a corporation consisting of only two shareholders: a husband and wife. *Id.* at *1 & n. 2. The court addressed the merits of the forfeiture without deciding whether the husband had standing to file a notice of claim because it was obvious that the corporation held title to the residence solely for the shareholders' benefit. *Id.* at *1 In addition, shareholder standing was not at issue in that case because the corporation did not file a notice of claim. *Id.*

**6.** The amended notices of claim were filed on November 6, 1989. The government filed its motion for judgment on the pleadings on February 23, 1990.

■ Finally, the shareholder claimants argue that they should be allowed to intervene because the corporation is bankrupt, all of its assets were sold, and the proceeds were deposited in an account. *See* Supplemental Memo. of Law in Opp'n to Pl's Mot. to Dismiss Shareholders' Notice of Claim at 4–5. However, there is no indication that New Silver Palace "is so dead that it can be disregarded in the consideration of property rights which naturally and logically belong to it ... and that it must be held that perforce of dissolution and loss of corporate existence and capacity[,] its property and rights have passed to its stockholders as ultimate owners." *Brock v. Poor*, 216 N.Y. 387, 400, 111 N.E. 229, 234 (1915). The shareholder claimants do not state that New Silver Palace has filed for bankruptcy, nor do they state that they have surrendered their stock. *See id.* at 399–400, 111 N.E. at 233–34. The shareholder claimants simply contend that New Silver Palace has ceased to do business. But that is a far cry from preventing the corporation from claiming the proceeds of the interlocutory sale, as indeed the corporation has done in this case.

For the reasons stated above, the government's motion for judgment on the pleadings is granted on the ground that this Court does not have subject matter jurisdiction to entertain the shareholders' notices of claim. Accordingly, the shareholders' notices of claim are dismissed.

SO ORDERED.