USCA1 Opinion

 

 May 23, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1002 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. CERTAIN REAL PROPERTY LOCATED AT RIVER ROAD, ELIOT, YORK COUNTY, MAINE, Defendant, Appellee, ________________ DANA B. SNODGRASS, JR. Claimant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ___________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ ___________________ Thomas Van Houten on brief for appellant. _________________ Jay P. McCloskey, United States Attorney, and Michael M. _________________ __________ DuBose, Assistant United States Attorney, on brief for appellee. ______ __________________ __________________ Per Curiam. Dana B. Snodgrass, Jr. appeals from the __________ district court's order dismissing his claim to the defendant property for lack of standing and from the judgment of forfeiture for the United States. We affirm. BACKGROUND On January 26, 1993, plaintiff United States filed a complaint of forfeiture in rem against defendant property, a Maine residence, pursuant to 21 U.S.C. 881(7). Approximately two months later, Dana B. Snodgrass, Jr. filed a claim to the property stating that he is its "legal titled owner." In his answer to the complaint, claimant asserted an "innocent owner" defense to the forfeiture. On November 9, 1993, with the consent of both counsel, the district court held a preliminary evidentiary hearing on the issue of claimant's standing to challenge the forfeiture. On November 10, 1993, the district court issued a memorandum of decision and order concluding that claimant is without standing to assert his claim of ownership. United States v. _____________ Certain Real Property Located at River Rd., 839 F. Supp. 1 ____________________________________________ (D. Me. 1993). The district court ordered that Snodgrass, Jr.'s claim be dismissed and that judgment enter for the plaintiff. A final decree of forfeiture entered on November 15, 1993. The district court's factual findings are set forth fully in its memorandum and are not challenged. In brief, -2- the district court found that claimant's father, Dana B. Snodgrass, Sr., had conveyed defendant property to claimant after learning that he, Snodgrass, Sr., was being investigated for drug trafficking.1 Although not reflected in the deed of conveyance, Snodgrass, Sr. retained all rights to the occupancy and use of the property and the obligation to tend to and fund its upkeep and maintenance. At the time of the transfer, Snodgrass, Sr. had had no relationship of substance for seventeen years with claimant, who resided in Seattle, Washington. The court found that the transaction of conveyance was intended solely by Snodgrass, Sr. to shield the property from forfeiture and was not intended to convey any right of dominion or control over, or even any beneficial interest in, the defendant property. DISCUSSION In a civil forfeiture action, once the government has met its burden of showing probable cause to believe that a substantial connection exists between the property to be forfeited and the illegal exchange of a controlled substance, the burden shifts to the claimant to show that the property is not subject to forfeiture. United States v. 116 Emerson _____________ ___________ St., 942 F.2d 74, 79 (1st Cir. 1991). As an element of this ___ burden, a claimant must prove an interest in the property ____________________ 1. The parties stipulated that probable cause exists to find that the defendant property was used to facilitate a violation of 21 U.S.C. 841(a)(1). -3- sufficient to establish standing to contest the forfeiture. United States v. 526 Liscum Drive, 866 F.2d 213, 216 (6th _____________ _________________ Cir. 1989). "[C]ourts have uniformly rejected standing claims put forward by nominal or straw owners." United ______ States v. Contents of Accounts Nos. 3034504504 & 144-07143, ______ _________________________________________________ 971 F.2d 974, 985 (3d Cir. 1992) (quoting David B. Smith, Defense and Prosecution of Forfeiture Cases, 9.04, at 9- ____________________________________________ 58.6 (1985 & Supp. 1991)), cert. denied, 113 S. Ct. 1580 ____________ (1993). Thus, possession of mere legal title by one who does not exercise dominion and control over the property may be insufficient to establish standing to challenge a forfeiture. Id.; see also United States v. Vacant Land Located at 10th __ ___ ____ _____________ ____________________________ St. & Challenger Way, 15 F.3d 128, 130 (9th Cir. 1993); ______________________ United States v. 5000 Palmetto Drive, 928 F.2d 373, 375 (11th _____________ ___________________ Cir. 1991); 526 Liscum Drive, 866 F.2d at 217; United States ________________ _____________ v. One 1945 Douglas C-54 (DC-4) Aircraft, 604 F.2d 27, 28-29 _____________________________________ (8th Cir. 1979); United States v. New Silver Palace ______________ ___________________ Restaurant, Inc., 810 F. Supp. 440, 444 (E.D.N.Y. 1992). ________________ In the instant case, the evidence amply supported the district court's conclusion that the transaction of conveyance was a facially transparent sham. After the conveyance, Snodgrass, Sr. continued to live on the property. With the exception of one visit to Maine, during which he stayed in a hotel, claimant remained in Seattle, Washington. Snodgrass, Sr. paid the mortgage and taxes on the property. -4- Claimant did not know the amount of the mortgage or the identity of the mortgage holder. Snodgrass, Sr. also made improvements to the property without consulting claimant. In sum, there was no evidence whatsoever that claimant exercised any dominion or control over the property. Indeed, the evidence pointed inexorably to the conclusion that claimant was nothing more than a nominal or straw owner. Accordingly, the district court properly concluded that claimant lacked standing to contest the forfeiture. Claimant argues that a rule requiring him to show more than legal title to establish standing to challenge a forfeiture is inconsistent with Article III standing jurisprudence. We disagree. The rationale for the rule is that things are often not what they appear to be, especially in the world of drug trafficking. See United States v. 900 ___ ______________ ___ Rio Vista Blvd., 803 F.2d 625, 630 (11th Cir. 1986); United _______________ ______ States v. One 1977 36 Foot Cigarette Ocean Racer, 624 F. ______ _________________________________________ Supp. 290, 294-95 (S.D. Fla. 1985). People engaged in illegal activites often try to disguise their interest in property by placing title in someone else's name. 900 Rio _______ Vista Blvd., 803 F.2d at 630. Article III standing requires ____________ that a claimant suffer an injury in fact. Adams v. Watson, _____ ______ 10 F.3d 915, 918 (1st Cir. 1993). A straw owner has no real interest in the seized property and, accordingly, suffers no genuine injury. -5- Claimant also suggests that the district court erred in not allowing him to prove ownership to a jury as an element of his claim. We deem this argument waived. Having consented to an evidentiary hearing to determine his standing to assert a claim of ownership, claimant cannot now complain of the manner of proceeding below. See United States v. ___ ______________ Palmer, 956 F.2d 3, 6 (1st Cir. 1992) (an issue not presented ______ to the trial court cannot be raised for the first time on appeal). Affirmed. See 1st Cir. R. 27.1. ________ ___ -6-