[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16188
Non-Argument Calendar

_____

D. C. Docket No. 04-00008-CV-F-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PARCELS OF PROPERTY LOCATED AT 14 LEON DRIVE,
HOUSTON COUNTY, ALABAMA, WITH ALL APPURTENANCES
AND IMPROVEMENTS THEREON, et al.,

Defendants,

MARY LEON TURNER,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 18, 2007)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Claimant Mary Turner ("Turner") appeals the district court's judgment of civil forfeiture in favor of the United States. 18 U.S.C. § 2253 provides for the criminal forfeiture of "any property, real or personal, used or intended to be used to commit or to promote the commission of" a violation of 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260. Any property subject to forfeiture pursuant to 18 U.S.C. § 2253 is also subject to civil forfeiture. 18 U.S.C. § 2254. Turner concedes on appeal that the defendant property was used by her husband in the commission of distribution and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), and 2252A, and was, accordingly, subject to forfeiture.

However, "an innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). The claimant—in this case, Turner—has the burden of proving by a preponderance of the evidence that she is an innocent owner. *Id.* Where, as here, the property in question was in existence at the time of the illegal conduct, an "innocent owner" is defined as an owner who "(i) did not know of the conduct giving rise to the forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably

2

could be expected under the circumstances to terminate such use of the property."

18 U.S.C. § 983(d)(2)(A).  Turner did not argue below, and she does not argue on

appeal, that she attempted to terminate the illegal use of her property.  Therefore,

whether Turner "did not know of the conduct" was the sole ultimate factual issue

before the district court below and before us now.

I.

As a preliminary matter, Turner argues that the district court abused its

discretion in admitting evidence of her husband's 1995 conviction for sexual abuse

of a minor and in admitting evidence of her complicity in her husband's 2004–05

post-conviction schemes to have a fellow inmate reassigned to the husband's cell.

We review a district court's evidentiary rulings for an abuse of discretion.

*Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213,

1216 (11th Cir. 2003).  "This standard of deference is even greater when the

objected-to evidentiary ruling is made during a bench trial because it is presumed

that the district judge will rely only upon properly admitted and relevant evidence."

*Id.*

The fact that Turner knew of her husband's 1995 guilty plea to sexual abuse

of a minor was not character evidence as to Turner, and was highly probative in

assessing whether she did not have actual knowledge that he was engaged in sexual

3

misconduct with a minor from 1998-2000. The district court did not abuse its discretion in admitting this evidence.

Unlike the evidence of Turner's husband's 1995 conviction, and her knowledge thereof, the evidence of Turner's conduct in 2004–05 does not appear to have any relevance to her knowledge of her husband's illegal activities in 1998–2000. However, the presumption that a judge presiding over a bench trial relies only on properly admissible and relevant evidence applies even when the judge allows the presentation of evidence that had no permissible relevance. *See Cmty. Action Group v. Columbus*, 473 F.2d 966, 973 (5th Cir. 1973). Review of the record reveals nothing that would allow Turner to overcome this presumption.

## II.

Turner argues that the district court erred in concluding that she did not carry her burden to prove that she lacked actual knowledge of her husband's illegal activities. Application of the innocent owner defense turns on the claimant's actual, rather than constructive, knowledge. *United States v. Four Million, Two Hundred Fifty-Five Thousand,* 762 F.2d 895, 906 (11th Cir.1985). Turner characterizes the district court's conclusion as based exclusively on what she characterizes as irrelevant evidence: the 1995 conviction and the 2004–05 prison scheme, several years after the offense giving rise to the forfeiture. Turner

emphasizes that her testimony established that she did not have actual knowledge of her husband's sexual proclivities and activities from 1998 to 2000.

Whether or not a claimant is an innocent owner is a finding of fact that we review for clear error. *United States v. Real Prop. at 5000 Palmetto Drive*, 928 F.2d 373, 375 (11th Cir. 1991). "When findings of fact are based on determinations about witnesses' credibility, the deference accorded the trial judge is even more significant for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1335 (11th Cir. 1999) (internal quotation omitted).

The district court did not clearly err in finding that Turner failed to prove that she lacked actual knowledge of her husband's illegal activities. The district court was entitled to assess Turner's testimony and demeanor, conclude that she was not credible, and reject her statements "as a complete fabrication." *United States v. Vazquez*, 53 F.3d 1216, 1225 (11th Cir. 1995). Indeed, a finder of fact may not only discount a non-credible witness's testimony, but may "conclude the opposite of [her] testimony is true." *Id.* (internal quotation omitted). This rule applies with particular force where the fact in question is "highly subjective," such as "intent or knowledge." *Id.* at 1225 (internal quotation omitted). The district

court here clearly found Turner to be a non-credible witness. As Turner bore the burden of proof below, and her testimony was the primary evidence of her lack of knowledge, this adverse credibility finding is sufficient on its own to defeat her innocent owner defense.

However, there was also circumstantial evidence against Turner. She knew that her husband had pled guilty to an offense involving sexual abuse of a minor in 1995. She knew that he had met this minor male using the internet. She had attended the court-ordered counseling sessions that arose out of this conviction, and felt that they had helped her husband with his problem. She knew that her husband operated a computer business on the defendant property. She also knew that the victim in the offense giving rise to this forfeiture was employed by her husband in his computer business and had met him over the internet. She knew that the victim was a young male and that her husband spent large amounts of unsupervised time with him in an office on the defendant property. Accordingly, the district court did not commit clear error in examining these circumstances, discounting Turner's testimony that she had no knowledge that her husband had any sexual interest in young boys or had engaged in sexual activities with them, and finding that Turner failed to prove by a preponderance of the evidence that she had no actual knowledge of her husband's illegal activities.

6

## III.

Finally, Turner argues that the district court erred by allowing deliberate or willful ignorance to substitute for the actual knowledge required for civil forfeiture. However, the district court expressly found that Turner "had actual knowledge of the illegal activities occurring on the property."

After careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Accordingly, we affirm district court's judgment of forfeiture.

**AFFIRMED.**